NO. 07-01-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 27, 2001

_____

FRENANDO RAY TAYLOR, APPELLANT

V.

WALTON ELMER WILLIAMSON, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 89-526,456; HONORABLE J. BLAIR CHERRY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant perfected this appeal by filing his notice of appeal on May 3, 2001. The clerk's record was filed on June 12, 2001, and this court notified appellant of that filing by letter on the same day. The challenged judgment was a summary judgment and no hearing was held, so no reporter's record was filed. Accordingly, pursuant to Rule 38.6(a) of the Rules of Appellate Procedure, appellant's brief was due 30 days after the clerk's

record was filed, or by July 12, 2001. On October 2, we notified appellant that, because no brief had been filed, the appeal was subject to dismissal for want of prosecution. Our letter stated that the appeal would be dismissed unless appellant filed a brief and response by October 12 reasonably explaining his failure to timely file a brief. *See* Tex. R. App. P. 38.8(a).

On October 15, 2001, we received a single copy of appellant's brief and a document explaining that his failure to timely file a brief was because "he never knew he was required to submit a brief." Texas courts do not apply a separate set of procedural rules for litigants with counsel and for litigants representing themselves. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Litigants representing themselves must comply with the same procedural rules as are applicable to represented parties. *Id.* Rule 38.6(a) requires an appellant's brief to be filed within 30 days of the date the clerk's record is filed or the date the reporter's record is filed. This deadline may be extended on a motion complying with Rule 10.5(b). The document filed in conjunction with appellant's brief does not satisfy any of the requirements of Rule 10.5(b). We cannot agree with appellant's assertion that he was not aware he was required to file a brief "reasonably explains" the need for an extension. Moreover, appellant's brief submitted for filing does not comply with the requirements of Rules 9.3 and 38.1. Finding appellant has failed to comply with the mandatory requirements of the Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. Tex. R. App. P. 38.8(a).

Per Curiam

Do not publish.