COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-158-CV
  
  
DREXEL 
PENN                                                                       APPELLANT
  
V.
  
NELSON 
THOMAS AND                                                          APPELLEES
CONNIE 
THOMAS
 
  
------------
 
FROM 
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        This 
appears to be an appeal from a final judgment in a property dispute signed May 
7, 2004 following a February 18, 2004 trial to the bench, the issues on appeal 
being unclear.
II. Pro Se
        Appellant 
Drexel Penn appears pro se, as he did at the trial of this case.  An 
individual may appear or prosecute his suit without the assistance of an 
attorney.[2] Tex. R. Civ. P. 7.  We adhere to 
the basic tenet that
  
no basis exists for differentiating between litigants represented by counsel and 
litigants not represented by counsel in determining whether rules of procedure 
must be followed. . . .  There cannot be two sets of procedural rules, one 
for litigants with counsel and the other for litigants representing 
themselves.  Litigants who represent themselves must comply with the 
applicable procedural rules or else they would be given an unfair advantage over 
litigants represented by counsel.
 
 
Mansfield 
State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).
III. Appellant’s Brief
        On 
November 17, 2004 the clerk of this court forwarded a letter to Penn indicating 
that his brief was not in compliance with the Texas Rules of Appellate Procedure 
for numerous reasons and included directives that (1) “[t]he brief does not 
comply with Rule 38.1(d), as although it contains a statement of the case, it 
does not include record references,” and (2) “[t]he brief does not comply 
with Rule 38.1(h), as it does not contain a clear and concise argument for the 
contentions made, with appropriate citations [made] to legal authorities and to 
the record.”  Penn was directed to file an amended brief by December 8, 
2004, which complied with the numerous requirements of the Texas Rules of 
Appellate Procedure as set forth in the letter of November 17, 2004.  He 
was further informed that the failure to comply with the letter might result in 
the striking of his brief or dismissal of the appeal.  On December 6, 2004, 
Penn filed his amended brief. It still contains no citations to the record, no 
citation to legal authority, and no clear argument as to the legal principles 
involved in whatever causes of action his complaints concern on appeal.  
Also, although the case was abated September 30, 2004 in order for Penn to file 
an affidavit of indigence, based on his untimely letter to the court indicating 
his inability to pay and his allegation that he was misled as to the cost of the 
appeal, no reporter’s record has been filed with the court.
IV. Conclusion
        Penn 
has failed to comply with the court’s letter of November 17, 2004 and with the 
requirements of the Texas Rules of Appellate Procedure.  We must therefore 
overrule his points and affirm the judgment of the trial court.  See 
Tex. R. App. P. 42.3.
   
   
                                                          BOB 
MCCOY
                                                          JUSTICE
 
 
 
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Unfortunately, however, due to the complexity of our legal system, proceeding 
pro se may sometimes be akin to a layman removing his own appendix—it may be 
possible, but the results may not be those intended.  This case highlights 
the continued need for the various programs available to those unable to afford 
an attorney.