# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00035-CV

**Phillip A. Dick, Appellant**

**v.**

**Dr. Thomas N. Tracey and South Austin Hospital, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. GN300316, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Phillip A. Dick brings this *pro se* appeal from the district court's dismissal of her[1] medical malpractice suit against Dr. Thomas N. Tracey and South Austin Hospital for failure to provide a statutorily-required expert report. We affirm.

## BACKGROUND

On January 31, 2003, Dick filed suit *pro se* against Dr. Tracey and the Hospital alleging negligence, gross negligence, and negligent misrepresentation arising from her February 1, 2001 pacemaker implantation surgery.[2] Under the former Article 4590i, which governs here,[3] Dick

---

[1] The record reflects that Phillip A. Dick is female.

[2] Because our resolution of this appeal must turn entirely on a procedural matter, we do not further elaborate on Dick's allegations.

[3] Because Dick filed suit before September 1, 2003, the former Medical Liability and Insurance Improvement Act governs her claim. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817,

was required to furnish opposing counsel for each party with a written expert report within 180 days of filing suit. *See* Article 4590i, § 13.01(d).[4] Thus, Dick was required to furnish an "expert report" to Dr. Tracey and the Hospital no later than 180 days after January 31, 2003, on July 30, 2003. *See id*. § 13.01(a). "Expert report," in turn, was defined as:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id*. § 13.01(r)(6).

Dick did not timely furnish an expert report to either Dr. Tracey or the Hospital. On August 26, 2004, Dr. Tracey filed a motion to dismiss her suit under Article 4590i, section 13.01(e).

---

1977 Tex. Gen. Laws 2039, 2039-64 ("Article 4590i"), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.09 (repealing Article 4590i), 23.02(a), (d) (adopting chapter 74 of the Texas Civil Practice and Remedies Code, applicable only to actions filed on or after September 1, 2003, and continuing prior law in effect for actions filed before that date), 2003 Tex. Gen. Laws 847, 884, 898 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-.507 (West 2005 & Supp. 2005)).

[4] Section 13.01(d) stated:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) [court-granted extension] or (h) [parties' agreement] of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

*See* Article 4590i § 13.01(d).

2

*See id*. § 13.01(e).[5] On October 11, the district court signed an order granting Dick a thirty-day grace period to file her expert report, extending the deadline until November 10. *See id*. § 13.01(f), (g).[6] Dick failed to comply with the extended deadline. On November 15, 2004, Dr. Tracey filed a motion to dismiss and motion for sanctions, which the district court granted. *See id*. § 13.01(e).

---

[5] Section 13.01(e) stated:

If a claimant has failed, for any defendant physician or healthcare provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

*Id*. § 13.01(e).

[6] Sections 13.01(f) and (g) stated:

(f) The court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection.

(g) Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

*Id*. § 13.01(f), (g).

3

Subsequently, on December 8, 2004, the Hospital filed a motion to dismiss Dick's suit for failure to furnish it with an expert report. *See id*. On January 5, 2005, the district court granted the Hospital's motion to dismiss. *See id*.

On April 20, 2005, the district court signed a final judgment dismissing with prejudice Dick's claims against Dr. Tracey and the Hospital. This appeal ensued.[7]

## DISCUSSION

In a single issue, Dick challenges the district court's dismissal of her suit, urging that she is "unable to find any arguable reason as to why this case has been dismissed in District Court." We will construe this assertion as a contention that the district court dismissed her suit without a legal or factual basis—*i.e.*, that it abused its discretion.

**Standard of review**

We review a trial court's decision to dismiss a suit under Article 4590i, section 13.01(e) for an abuse of discretion. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Lookshin v. Feldman*, 127 S.W.3d 100, 103 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

---

[7] Dick filed notices of appeal on December 8 and December 30, 2004, before the district court's judgment of dismissal was final. We will treat Dick's notice of appeal as effective on the date of the district court's final judgment. Tex. R. App. P. 27.1(a).

4

**Expert report under 4590i**

To support her assertion that she is "unable to find any arguable reason as to why this case has been dismissed in District Court," Dick does not include any citations to the record but cites, without elaboration or explanation, a treatise excerpt, "Medical Malpractice & Modern Tort Law" and "Negligence Actions—Negligent Misrepresentation [O'Connor's] [Chapter 19-E, 1, 1.1, 1.2]." *See* Tex. R. App. P. 38.1(d), (h). Dick does not otherwise provide any legal argument or authority cognizable under section 4590i.

Dick also appears to suggest that her medical records, filed with the district court, constitute an "expert report" complying with section 13.01(d). *See* Article 4590i, § 13.01(d). They do not meet the statutory definition—they do not summarize an expert's opinions regarding the applicable standard of care, how Dr. Tracey and the Hospital failed to meet that standard, and the causal relationship between that failure and Dick's injury, harm, or damages. *See id.* § 13.01(r)(6).[8]

Because we cannot find that the district court abused its discretion in dismissing Dick's suit for failure to timely file an expert report, we must overrule Dick's issue.

---

[8] *Pro se* representation does not excuse Dick from complying with applicable rules of procedure: "Neither is [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978), *see also Gudur v. Texas Dep't of Health*, 2005 Tex. App. LEXIS 8742, at *13 n.5 (Tex. App.—Austin 2005, no pet.).

## CONCLUSION

Having overruled Dick's sole issue on appeal, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   August 18, 2006