# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00751-CV

**Tae Hollenbeck, Appellant**

**v.**

**Mercedes-Benz USA, LLC, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-04-003445, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Tae Hollenbeck appeals from a summary judgment granted in favor of Mercedes-Benz USA, LLC on his claims of damages resulting from his purchase of an allegedly defective car. On appeal, he complains of Mercedes-Benz's actions without explaining how these actions show errors by the district court that an appellate court can remedy, except perhaps to urge that the district court should not have granted summary judgment in the face of such actions. We affirm the judgment.

Hollenbeck bought a Mercedes automobile in Texas through the European Delivery Package, requiring him to pick up the car in Europe. He alleged in his original petition that the car had problems while still in Europe, including engine stalling and failing to restart, the convertible top and hood failing to close, electronics not working, and seat cushions perforating and letting wires

protrude. He complained that Mercedes failed to repair the car. He claimed damages from deceptive trade practices, breach of express and implied warranties, and breach of contract.

Mercedes sought summary judgment, contending that it had conclusively negated at least one element of Hollenbeck's deceptive trade practices, express and implied warranty, and breach of contract claims.[1] Mercedes also contended that Hollenbeck had no evidence supporting at least one element of each of his claims. Mercedes asserts that, after the hearing was postponed at Hollenbeck's request and with Mercedes's agreement, Hollenbeck filed a response the day before the hearing was held. Mercedes objected to that filing as untimely. *See* Tex. R. Civ. P. 166a(c). After sustaining Mercedes's objection to Hollenbeck's response, the district court granted Mercedes's motion for summary judgment.

On appeal, Hollenbeck complains that (1) Mercedes-Benz technicians underreported warranty work to avoid having the car classified as a lemon, (2) the car had serious defects, including missing safety features, (3) he was sold a different car than promised, (4) he was assessed unusually high interest rates and was asked for additional amounts upon his attempt to take possession of his car, (5) he was surprised by different terms at delivery in Europe than he was promised in the United States, and (6) Mercedes agents and counsel misled the district court about their agreements regarding time compromises, rescheduling, and postponements. He asserts that his filings with the district court show numerous defects that "seriously hampered the safe and pleasurable operation" of his car and that Mercedes deceived him.

---

[1] Mercedes also sought summary judgment on grounds that the deceptive trade practices claim was barred by limitations. The district court denied that part of the motion.

Hollenbeck does not present any grounds for us to review the district court's actions, nor does the record demonstrate that the summary judgment was erroneous. Although Hollenbeck is representing himself, he is held to the same standard as attorneys. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). On appeal, an appellant must show errors by the district court, preserved for review, that merit reversal of the judgment. *See* Tex. R. App. P. 33.1, 38.1, 44.1. Hollenbeck's appellate brief reiterates and, in some instances, diverges from assertions he made at the district court. He does not present any errors by the district court that are subject to review. He does not support his complaints with citations to authority or the record as required by rule. *See* Tex. R. App. P. 38.1(h).

Even if we broadly construe his complaints, he does not show error in the granting of the no evidence motion for summary judgment. Mercedes filed a motion for summary judgment that was in part a no evidence motion, specifying an essential element of each claim on which Hollenbeck did not produce evidence. When a defendant files a no evidence motion for summary judgment, "[t]he court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i). The rules require that the nonmovant file any response to a motion for summary judgment seven days in advance of the hearing, absent leave of court. Tex. R. Civ. P. 166a(c). The record does not contain any timely filed evidence from Hollenbeck to demonstrate the existence of a fact issue or counter the no evidence allegations of Mercedes. The judgment recites that the district court sustained Mercedes's Objection to the Timeliness and Lack of Competent Evidence Attached to Plaintiff's Response to Defendant Mercedes-Benz USA, LLC's Motion for Summary Judgment. Hollenbeck does not challenge the

3

sustaining of that objection, nor does the record indicate that any such challenge would have been successful. Consequently, Hollenbeck did not timely place any evidence in the record and does not cite to any evidence in the record supporting the elements of his claims challenged by Mercedes's no evidence motion for summary judgment. By rule, the district court had no option but to grant the no evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i).

Because Hollenbeck does not present any issues on appeal that provide a basis for reversal, we affirm the judgment.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: April 16, 2008