

## NUMBER 13-08-00648-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

HORACIO CASTILLO, D/B/A CASTILLO ENGINEERING,     Appellant,

v.

HUSEMAN, DODSON & HUMMELL, P.L.L.C.,     Appellee.

On appeal from County Court at Law No. 4
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam**

The appellant's brief in the above cause was due on February 19, 2009.  On March 26, 2009, the Court granted appellant's request for an extension of time to file the brief. On April 29, 2009, appellant appeared pro se and filed a brief that was not in compliance with the Texas Rules of Appellate Procedure.  The brief failed generally to comply with the

Texas Rules of Appellate Procedure.  *See* Tex. R. App. P. 38.1.  Appellant was instructed to file an amended brief.

The Court received an amended brief on May 8, 2009.  On May 14, 2009, the Clerk of the Court notified appellant that the amended brief failed generally to comply with Rule 9.4(d), (h) and 38.1(c) as required by Texas Rules of Appellate Procedure.  Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal.  *See id.* 38.9(a), 42.3(b),(c).

On May 27, 2009, the Court received an amended brief.  The amended brief fails to comply with the Texas Rules of Appellate Procedure. *See id.* 9.4(h), 38.1(c).  Specifically, appellant's amended brief does not contain a clear and concise argument for the contentions made, "with appropriate citations to authorities and the record." *See id.* 38.1(I).  Moreover, the brief does not contain an index of authorities and the appendix is not tabbed and indexed.  Appellant states in the brief that he is asking the Court to waive the requirement for the reference of authorities and this should not be a reason to dismiss the brief.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).  If a party files a brief that does not comply with the Texas Rules of Appellate Procedure, and that party files an amended brief that likewise

2

does not comply with the rules, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief." TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 25th day of June, 2009.

3