Opinion filed July 30, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed July 30,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                ____________

 

                                                          No. 11-08-00327-CV

                                                    __________

 

                               REMIGIO A. MARTINEZ III, Appellant

 

                                                            V.

 

        TEXAS
DEPARTMENT OF CRIMINAL JUSTICE ET AL, Appellees

 



 

                                        On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                             Trial
Court Cause No. 08-09-18003

 



 

                                            M E M O R A N D U M   O P
I N I O N

Remigio A. Martinez III sued the Texas Department of
Criminal Justice - Institutional Division, AJohn/Jane
Doe(s),@ Brad
Livingston, Nathaniel A. Quarterman, and Larry LeFlore seeking injunctive
relief, a declaratory judgment, and any other relief to which he might be
entitled.  The trial court dismissed with prejudice his claims as frivolous and
for want of jurisdiction.  We affirm.








Martinez contends on appeal that the trial court erred
in dismissing his causes of actions, that he sued not only the TDCJ-ID but also
its employees in their official capacities for alleged actions committed in the
course and scope of their respective duties, that the trial court erred by not
conducting a live hearing, and that he as a pro se inmate should not be held to
the same standard as an attorney.  Underlying his claims in the trial court is
his position that the date on which one of his sentences was to commence had
been illegally changed from July 22, 2003, to February 29, 2004.

As the State contends, the record does not support these
contentions.  None of Martinez=s
petitions alleged sufficient facts to establish the waiver of sovereign
immunity or to establish a feasible cause of action against any of the
defendants. None of the petitions establish that jurisdiction lies with the
trial court.  Moreover, the documents Martinez attached to his original
petition establishes that he is serving a minium of three sentences:  one for
ten years beginning on July 22, 2003; another for twenty years also beginning
on July 22, 2003; and, finally, a third for thirty-five years beginning on
February 29, 2004.  We note that Tex.
Civ. Prac. & Rem. Code Ann. ''
14.001-.014 (Vernon 2002) do not require any type of hearing and that Martinez
did not comply with the requirements of Chapter 14.  Texas law provides that
there is no basis for differentiating between litigants represented by counsel
and those not represented by counsel in civil cases.  Mansfield State Bank
v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Ibrahim v. Young, 253
S.W.3d 790, 803 (Tex. App.CEastland
2008, pet. den=d).

All of Martinez=s
contentions on appeal have been considered.  Each is overruled.

The order of the trial court is affirmed.

 

 

PER CURIAM

 

July 30, 2009

Panel consists
of:  Wright, C.J.,

McCall, J.,
and Strange, J.