**Opinion filed July 30, 2009**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00327-CV

_____

## REMIGIO A. MARTINEZ III, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE ET AL, Appellees

## On Appeal from the 106th District Court

## Dawson County, Texas

## Trial Court Cause No. 08-09-18003

## M E M O R A N D U M   O P I N I O N

Remigio A. Martinez III sued the Texas Department of Criminal Justice - Institutional Division, "John/Jane Doe(s)," Brad Livingston, Nathaniel A. Quarterman, and Larry LeFlore seeking injunctive relief, a declaratory judgment, and any other relief to which he might be entitled. The trial court dismissed with prejudice his claims as frivolous and for want of jurisdiction. We affirm.

Martinez contends on appeal that the trial court erred in dismissing his causes of actions, that he sued not only the TDCJ-ID but also its employees in their official capacities for alleged

actions committed in the course and scope of their respective duties, that the trial court erred by not conducting a live hearing, and that he as a pro se inmate should not be held to the same standard as an attorney. Underlying his claims in the trial court is his position that the date on which one of his sentences was to commence had been illegally changed from July 22, 2003, to February 29, 2004.

As the State contends, the record does not support these contentions. None of Martinez's petitions alleged sufficient facts to establish the waiver of sovereign immunity or to establish a feasible cause of action against any of the defendants. None of the petitions establish that jurisdiction lies with the trial court. Moreover, the documents Martinez attached to his original petition establishes that he is serving a minium of three sentences: one for ten years beginning on July 22, 2003; another for twenty years also beginning on July 22, 2003; and, finally, a third for thirty-five years beginning on February 29, 2004. We note that TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002) do not require any type of hearing and that Martinez did not comply with the requirements of Chapter 14. Texas law provides that there is no basis for differentiating between litigants represented by counsel and those not represented by counsel in civil cases. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Ibrahim v. Young*, 253 S.W.3d 790, 803 (Tex. App.—Eastland 2008, pet. den'd).

All of Martinez's contentions on appeal have been considered. Each is overruled.

The order of the trial court is affirmed.


PER CURIAM


July 30, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.


2