Maurice J. COHN, Appellant,

v.

MANSFIELD STATE BANK, Appellee.

No. 17938.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 23, 1978.

Rehearing Denied March 16, 1978.

Strother, Davis, Stanton & Levy, and Linda S. Aland, Dallas, for appellant.

Day & Day, and Lewis D. Wall, III, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

Mansfield State Bank filed suit against Maurice J. Cohn (petitioner here) and two corporations for non-payment ,of a promissory note executed by one of these corporations and guaranteed by the other corporation. The bank sought damages against petitioner (who was president of both corporations and who had executed on their behalf the promissory note and guaranty) on the ground that such corporations had forfeited their charters prior to the execution of such instruments. The trial court granted the bank's motion for partial summary judgment on its claim against the two corporations. Petitioner's attorney requested and was granted permission by the court to withdraw as attorney of record. The bank's attorney sent a letter to the clerk of the court requesting a non-jury setting during the week of December 27, 1976. Petitioner received a copy of this request for setting, but he did not appear for trial on that date. At the trial, the trial court rendered judgment for the bank against petitioner in the amount of $52,833.15, attorney's fees in the amount of $5,000.00, plus interest and costs. From this judgment, petitioner has reached this court by writ of error.

We reverse and remand.

Petitioner has assigned three points of error. We will discuss them out of order. By his second point of error, petitioner contends that the trial court erred in entering judgment for $5,000.00 attorney's fees in that there was no evidence presented by the bank at the trial to support such an award. Petitioner's third point of error presents the same basic complaint in the form of an insufficient evidence point of error.

The note introduced in evidence provided that: "(I)t is hereby especially agreed that if this note is placed in the hands of attorney for collection, . . . or in probate or bankruptcy proceedings, then each of the undersigned promises to pay the amounts actually incurred by holder as court cost and attorney's fees assessed by a court."

The only reference at the trial concerning attorney's fees is contained in the following exchange between the court and the bank's attorney. The trial judge said: "The Court will render judgment against the Defendant Cohn in favor of the Plaintiff Mansfield State Bank in the amount of $47,000.00. Do you recall, Counsel, what we set as reasonable attorney's fees?" The bank's attorney responded: "Five thousand Dollars, Your Honor."

To support an award of an attorney's fee, evidence is required as to what a reasonable attorney's fee would be, *Kaiser v. Northwest Shopping Ctr., Inc.*, 544 S.W.2d 785 (Tex.Civ.App.—Dallas 1976, no writ). Also, the promissory note refers to recovery of attorney's fees that have been "incurred". Because of this, the bank was required to present evidence of the attorney's fees it had incurred, and this it did not do. *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406 (Tex.Civ.App.—Houston (14th Dist.) 1973, no writ). See also Tex.R.Civ.P. 243.

There is no evidence in the record to support the award of $5,000.00 attorney's fee. Petitioner's second and third points of error are sustained.

By his first point of error, petitioner contends that the trial court erred in entering judgment for the bank and against him when he failed to appear for trial on December 27, 1976, in that he had not received notice sufficient to apprise him of the fact that a trial would occur on that date.

In his brief, petitioner admits that he received a copy of a letter written by the bank's counsel to the clerk of the court requesting that the case be set for trial the week of December 27, 1976. He contends that he thought that the letter he received was merely a request for a setting of the case for trial and he had assumed that he would receive notification of the actual trial setting from the bank's lawyer after the clerk had responded to the letter. On January 5, 1977, petitioner received a copy of the judgment at his office in New York. He then retained counsel who filed a motion to set aside the judgment, but such motion was overruled. Petitioner then sought review by writ of error.

Rule 1 of the Local Rules of Practice in Civil Cases in the District Courts of Tarrant County, Texas, provides for the setting of non-jury cases by means of such a letter. However, this court recognizes that persons unrepresented by counsel may not realize that the letter requesting a setting in a non-jury case is their only notice that the case is actually being set for trial. Such failure to receive notice of the actual trial date is a denial of due process for a litigant not represented by counsel.

Tex.R.Civ.P. 1 provides in part that: "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." As lawyers and officers of the court, we must never allow ourselves to deviate from this fundamental objective.

The judgment of the trial court is reversed and the cause is remanded. Costs are taxed one-half against the petitioner and one-half against the respondent bank.