MANSFIELD STATE BANK, Petitioner,

v.

Maurice J. COHN, Respondent.

No. B–7511.

Supreme Court of Texas.

Oct. 18, 1978.

Day & Day, Marshall J. Day, Joe Day, Jr., and Lewis D. Wall, III, Fort Worth, for petitioner.

Strother, Davis, Stanton & Levy, Linda S. Aland, Dallas, for respondent.

DENTON, Justice.

The issue presented in this case is whether the defendant, Maurice J. Cohn, was given adequate notice of a trial setting. Suit was filed by Mansfield State Bank against Cohn and two corporations of which he was president, seeking recovery on a promissory note. After a general denial was filed on behalf of all of the defendants, the action against Cohn was severed and later set for trial. The trial court rendered judgment for the bank against Cohn. The court of civil appeals reversed and remanded, holding that notice of the trial setting which was sent to Cohn by the bank's counsel was insufficient to apprise Cohn that the case had been set for trial. 562 S.W.2d 923. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Mansfield State Bank brought this suit against two corporations and their president, Maurice J. Cohn, on a promissory note and guaranty agreement. Cohn had executed the promissory note and guaranty thereof in his capacity as president of the two corporations. Cohn was also sued in his individual capacity under Tex.Tax.-Gen. Ann. art. 12.14 (1969), since Cohn had knowledge that the corporate charters of both corporations had been forfeited prior to incurring the debts. All of the defendants answered by general denial. In September, 1976, summary judgment against the two corporations was granted to the bank, and the action against Cohn individually was severed for trial. At about the same time, Cohn's attorney of record filed a motion requesting leave to withdraw as counsel for Cohn.

In October, 1976, counsel for the bank sent by certified mail two letters to both Cohn and his counsel of record. The first letter said:

Re: Mansfield State Bank
v.
Maurice J. Cohn
No. 141–40245–76

Dear Mr. Cohn:

It is my understanding that Mr. Dilts has withdrawn as counsel in this cause,

and therefore, I am writing you direct. You will please find enclosed a copy of our standard setting letter notifying you that the Bank's suit against you . . . has been set for trial for the week of November 1, 1976. I have purposely set this case a month in advance to give you adequate time to retain new local counsel should you deem that desirable.

The second letter was addressed to the district clerk with reference to *"Mansfield State Bank v. Maurice J. Cohn,* No. 141–40245–76," and read as follows:

Please set the above numbered and styled cause on the non-jury docket for the week of November 1, 1976.

This request is made in good faith in the belief that Plaintiff will be ready for trial at the time requested. All of Plaintiff's pleadings are now in order or will be at least seven days prior to trial date.

There are no special exceptions or other pre-trial matters which should be presented to the Court in advance of trial. All necessary ad litem appointments have been made. All other attorneys in this cause are being mailed a copy of the request for setting on this date.

The return receipt shows, and Cohn does not deny, that he received these letters. The November 1 trial date was passed, however, because the attorney's motion for leave to withdraw as Cohn's counsel was still pending. That motion for leave to withdraw was granted on November 2, 1976, and Cohn received a copy of the order permitting withdrawal. The withdrawing attorney also wrote a letter to Cohn on November 8, informing Cohn that the motion for leave to withdraw had been granted and that the case was not set for trial at that time. On November 11, the bank's counsel sent the district clerk another request for trial setting identical to the previous one sent to the district clerk, except that the requested trial date was December 27, 1976. Cohn was sent a copy of this letter by certified mail; the return receipt

shows, and Cohn does not deny, that he received the letter on November 15. Pursuant to the request letter, the district clerk placed the cause on the trial court's docket for the week of December 27. No further notice of the setting was requested by or sent to Cohn. The case came on to be heard on December 27, but Cohn made no appearance. After the bank presented evidence, testimony, and argument, the trial court rendered judgment that the bank recover against Cohn on the promissory note. Interest and attorney's fees were also awarded to the bank.

On January 19, 1977, three weeks after rendition of judgment, Cohn filed a motion to set aside the judgment. He alleged that the letter sent to the district clerk, of which he received a copy, indicated that it was merely a *request* for a trial setting rather than an actual setting of the case. Therefore, he did not receive adequate notice of the trial setting. After a hearing, the trial court denied Cohn's motion to set aside the judgment.

On appeal by writ of error, the court of civil appeals reversed and remanded for new trial. The court held that no evidence supported the award of attorney's fees, which holding the bank does not here attack. With respect to Cohn's contention that he had not received adequate notice of the trial setting, the court held:

[T]his court recognizes that persons unrepresented by counsel may not realize that the letter requesting a setting in a non-jury case is their only notice that the case is actually being set for trial. Such failure to receive notice of the actual trial date is a denial of due process for a litigant not represented by counsel.

562 S.W.2d at 925. The bank now contends that adequate notice of the trial setting was sent to Cohn under the applicable rules, and that there is no basis for differentiation between litigants represented by counsel and litigants representing themselves.

In *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.1974), this Court held that

no rule required notice to the parties of a trial setting made at the regular call of the docket. Where there is no statute or rule to the contrary, "parties over whom the court has properly obtained jurisdiction are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the docket." In response to that case, Rule 245 was amended and Rule 330(b) was repealed so that Rule 245 is now fully applicable to all district courts and requires ten days notice of a trial setting. The basis of the dissenting writer's disagreement with the outcome in *Plains Growers* has been eliminated by Rule 245 as amended. *See Morris v. Morris*, 554 S.W.2d 792 (Tex.Civ.App.—San Antonio 1977, no writ). Rule 245 now provides:

> The court may set contested cases on motion of any party, or on the court's own motion, with reasonable notice of not less than 10 days to the parties, or by agreement of the parties. Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time. With respect to a party who had no notice of setting of a contested case for trial, the provisions of Rule 329b governing motions for new trial and finality of judgments shall operate from the time of receipt of notice of rendition of the judgment; provided that the original motion for new trial shall in any event be filed within 90 days from the rendition of judgment.

Thus, ten days' notice of a trial setting is now required by Rule 245 where the case is set on the motion of one party or on the court's own motion.

■ Pursuant to Rule 817, local rules of civil procedure have been adopted in Tarrant County, where this case was tried. Rule 1 of the Tarrant County rules provides:

> *Jury and Non-Jury Settings*
>
> (a) On the first Monday in each calendar month the judge of each district court shall set for trial during the calendar month following the month in which a request for setting is made, all contested jury and non-jury cases for which setting has been requested by one of the parties. (b) *Either at or before the time the written request for setting is made to the District Clerk, a copy thereof must be served upon all counsel of record and upon all parties not represented by counsel.*

(Emphasis added). Rule 1 of the local rules and Tex.R.Civ.P. 245 have both been satisfied in this case. Notice was *received* by Cohn on November 15 for a trial setting on December 27. This is obviously more than ten days notice, in compliance with Rule 245. Also, a copy of the request for setting was sent to Cohn, a party not represented by counsel, at the time the request for setting was made to the district clerk, in accordance with local rule 1. No further notice is required by the local rules, and the form requesting setting which was sent to Cohn by the bank was the same form set out by local rule 1 as a suggested form. We therefore hold that Cohn received proper notice of the trial setting in accordance with both the local rules and the Texas Rules of Civil Procedure.

■ The bank also asserts that the court of civil appeals erred in holding that the "failure to receive notice of the actual trial date is a denial of due process for a litigant not represented by counsel." We agree with the bank that no basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether rules of procedure must be followed. With respect to a *criminal* case, the United States Supreme Court has said:

> The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law.

*Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing

themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel. *Stein v. Lewisville Independent School District,* 481 S.W.2d 436 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.), *cert. denied,* 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203 (1973).

■ We also regard the letter requesting a trial setting, a copy of which was sent to Cohn, as sufficient notice of the trial setting. The letter asked the district clerk to *set* the cause on the nonjury docket for the week of December 27. It is reasonable to assume that if a trial setting is requested from the district clerk, a litigant is put on notice that trial may be on that requested date. Furthermore, in connection with the bank's first requested trial setting on November 1, the bank sent Cohn another letter stating that the case had been *set for trial* by the standard setting letter on the requested date. After this November 1 trial date was passed, Cohn should have known, upon receipt of the second setting letter, that the case would actually be set for trial on the requested date. Even though he was a litigant not represented by counsel, Cohn is bound by a proper setting of the case as if he were represented. This should be true especially in this case since the evidence shows that Cohn is himself an attorney living in New York. We hold that the notice of the setting for trial was sufficient.

The judgment of the court of civil appeals, as to the principal debt and interest thereon, is reversed and the judgment of the trial court in favor of the bank is affirmed. The portion of the court of civil appeals' judgment which denies the bank attorney's fees is not attacked, and is affirmed.

Dissenting opinion by DANIEL, J., in which STEAKLEY, J., joins.

1. All citations to Rules are to the Texas Rules of Civil Procedure unless otherwise noted. Rule 817 authorizes district courts to adopt local rules which are "not inconsistent" with the Rules promulgated by the Supreme Court.

DANIEL, Justice, dissenting.

I dissent only from that portion of the Court's opinion holding that Rule 245, which specifically requires a trial setting notice of not less than ten days, is satisfied by notice of a mere written request for a setting directed to the district clerk in accordance with local rules adopted by the Tarrant County District Courts pursuant to Rule 817.[1]

The Court accurately states that "ten days' notice of a *trial setting* is now required by Rule 245 where the case is set on the motion of one party or on the court's own motion." (Emphasis supplied.) Then, without recognizing any difference between an *actual trial setting* made by the court in accordance with Rule 245, and a motion filed with the district clerk *requesting a trial setting* under Tarrant County local rules, the majority holds that notice of the latter was sufficient compliance with the positive *notice of setting* requirement of Rule 245; and this, even though no notice was given to the defendant as to whether or not the setting was granted for the week requested. I particularly disagree with the following portion of the majority opinion:

"We also regard the letter *requesting a trial setting,* a copy of which was sent to Cohn, *as sufficient notice of the trial setting.* The letter asked the district clerk to set the cause on the non-jury docket for the week of December 27. It is reasonable to assume that if a trial setting is requested from the district clerk, a litigant is put on notice that trial *may be* on that requested date. . . ." (Emphasis supplied.)

Rule 245 was intended to leave no room for assumptions or "may be so" speculation as to the time for which the trial of a contested case is actually set by the court.[2] It speaks not of notice of requests for future settings which may or may not be

2. As noted by the majority, the present wording of Rule 245, effective January 1, 1976, was the result of dissatisfaction with the outcome of *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (1974), in which it was held that no rule promulgated by this Court required notice of a

made, but only of "reasonable notice of not less than 10 days to the parties" of actual settings theretofore made by the court. There is a distinct difference between a trial setting and a request for a setting. This is the main difference between Rule 245 and the request provisions of the Tarrant County local rule. While Rule 245 applies to notice of actual settings already made, Section (b) of the Tarrant County local rules applies to requested settings to be made in the future for jury or non-jury weeks. This local rule of the Tarrant County District Courts was effective March 1, 1970,[3] more than six years prior to the effective date of the present wording of Rule 245. A full reading of the local rule indicates that its purpose is to assist the courts and the parties in getting pending cases docketed for future jury or non-jury weeks. Nowhere in the local rules does it appear that the requirement for notice of "a written request for setting" was intended to serve as a notice that the court had actually set the case for a particular date or week. This seems to be clear from the following provision of Section (c) of the Tarrant County Rules:

". . . Nothing herein ordered shall preclude continuation of the present practice of setting contested non-jury cases for trial by giving the required ten (10) days written notice to the opposing party of the week of such setting. Non-jury cases may be set each month for both jury and non-jury weeks by giving such notice to the opposing party or his attorney of record and furnishing a copy of such notice to the clerk of the court. . . ."[4]

It is undisputed that the defendant had no notice that his case had been actually set for trial, as distinguished from the notice of a letter requesting that a setting be made for a certain week. Therefore, under the plain wording of Rule 245, his motion for new trial was timely filed.[5]

The effect of the majority opinion is to read Rule 245 as though it required "either notice of ten days of a trial setting *or of a written request for a setting filed with the district clerk under local rules.*" As long as this interpretation prevails, it is suggested that the rule be rewritten accordingly so that no one who receives a copy of a written request for a setting under local rules will mistakenly rely on the present wording of Rule 245 as requiring that he receive any further notice of a day or week when his case has been actually set down by the court for trial.

STEAKLEY, J., joins in this dissent.

trial setting made on the motion of a party at the regular call of the docket. The repeal of Rule 330(b) and amendment of Rule 245 were specifically designed to require such notice, and to provide for later filing of motions for new trial by "a party who had no notice *of setting* of a contested case for trial" as required by the amended Rule 245. (Emphasis supplied.)

3. Local Rules of District Courts of Texas, Texas Civil Judicial Council (1974), page 277. From this compilation of local rules, it appears that practically all of the larger counties had a similar rule prior to April 15, 1974.

4. Id., 278–279.

5. The applicable portion of Rule 245 reads: "With respect to a party who had no notice of setting of a contested case for trial, the provisions of Rule 329b governing motions for new trial and finality of judgments shall operate from the time of the receipt of notice of rendition of the judgment . . . ."