NO. 07-01-0195-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 27, 2001



______________________________




FRENANDO RAY TAYLOR, APPELLANT



V.



WALTON ELMER WILLIAMSON, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 89-526,456; HONORABLE J. BLAIR CHERRY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant perfected this appeal by filing his notice of appeal on May 3, 2001. The
clerk's record was filed on June 12, 2001, and this court notified appellant of that filing by
letter on the same day. The challenged judgment was a summary judgment and no
hearing was held, so no reporter's record was filed. Accordingly, pursuant to Rule 38.6(a)
of the Rules of Appellate Procedure, appellant's brief was due 30 days after the clerk's
record was filed, or by July 12, 2001. On October 2, we notified appellant that, because
no brief had been filed, the appeal was subject to dismissal for want of prosecution. Our
letter stated that the appeal would be dismissed unless appellant filed a brief and response
by October 12 reasonably explaining his failure to timely file a brief. See Tex. R. App. P.
38.8(a). 

 On October 15, 2001, we received a single copy of appellant's brief and a document
explaining that his failure to timely file a brief was because "he never knew he was
required to submit a brief." Texas courts do not apply a separate set of procedural rules
for litigants with counsel and for litigants representing themselves. Mansfield State Bank
v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Litigants representing themselves must
comply with the same procedural rules as are applicable to represented parties. Id. Rule
38.6(a) requires an appellant's brief to be filed within 30 days of the date the clerk's record
is filed or the date the reporter's record is filed. This deadline may be extended on a
motion complying with Rule 10.5(b). The document filed in conjunction with appellant's
brief does not satisfy any of the requirements of Rule 10.5(b). We cannot agree with
appellant's assertion that he was not aware he was required to file a brief "reasonably
explains" the need for an extension. Moreover, appellant's brief submitted for filing does
not comply with the requirements of Rules 9.3 and 38.1. Finding appellant has failed to
comply with the mandatory requirements of the Rules of Appellate Procedure, we dismiss
this appeal for want of prosecution. Tex. R. App. P. 38.8(a). 

 Per Curiam

Do not publish.



tified counsel by letter dated September 26 of that fact, and advised him that further
action would be taken unless the brief or other response to our letter was received by
October 6, 2006. (1) No response has been received. 

 Rule of Appellate Procedure 38.8(b)(4) provides that, based on the trial court's
record of a hearing concerning the failure of an appellant to file a brief in a criminal case,
the appellate court may act appropriately to ensure that the appellant's rights are protected,
including initiating contempt proceedings against appellant's counsel. Accordingly,
appellant's counsel, Russell I. Gunter II, is directed to file a brief for appellant, prepared in
accordance with the Texas Rules of Appellate Procedure, and submitted so as to be
received by the clerk of this court no later than 5:00 p.m. local time on October 24, 2006. 
Attorney Gunter's failure to comply with this order will result in the initiation of contempt
proceedings or other appropriate sanctions. 

 It is so ordered.


 Per Curiam


Do not publish.
1. Our letter mistakenly advised counsel that the further action would consist of
abatement of the cause to the trial court pursuant to Rule of Appellate Procedure 38.8. 
That action already having been taken, however, a second abatement would serve no
purpose at this time.