

**NUMBER 13-08-00392-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MICHELLE PUENTE,** **Appellant,**

**v.**

**JOHN PAUL SCHULZE, M.D.,** **Appellee.**

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion Per Curiam**

The appellant's brief in the above cause was due on September 5, 2008.  On September 4, 2008, the Court granted appellant's request for an extension of time to file the brief on the basis that she was unable to obtain counsel.  On September 26, 2008, appellant appeared pro se and filed a brief that was not in compliance with the Texas

Rules of Appellate Procedure. Appellant subsequently filed a corrected brief on October 8, 2008. The brief failed generally to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4, 38.1.

On October 21, 2008, the Clerk of the Court notified appellant that the corrected brief did not state concisely and without argument the facts pertinent to the issues or points presented as required by Texas Rule of Appellate Procedure 38.1(j); did not contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record; and did not contain an appendix as required by Rule 38.1(j). Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id.* 38.9(a), 42.3(b),(c).

On October 31, 2008, the appellant filed an amended brief. The amended brief fails to comply with the Texas Rules of Appellate Procedure. *See i.d.* 9.4, 38.1. Specifically, appellant's amended brief does not contain facts pertinent to the issues or points presented, does not contain citations to the record and to appropriate legal authorities, and does not contain an appendix.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If a party files a brief that does not comply with the Texas Rules of Appellate Procedure, and that party files an amended brief that likewise

2

does not comply with the rules, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief." TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 8th day of January, 2009.

3