NUMBER 13-08-00648-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

HORACIO CASTILLO, D/B/A CASTILLO ENGINEERING, Appellant,


v.



HUSEMAN, DODSON & HUMMELL, P.L.L.C., Appellee. 

 ____________________________________________________________


On appeal from County Court at Law No. 4


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam


 The appellant's brief in the above cause was due on February 19, 2009. On March
26, 2009, the Court granted appellant's request for an extension of time to file the brief. 
On April 29, 2009, appellant appeared pro se and filed a brief that was not in compliance
with the Texas Rules of Appellate Procedure. The brief failed generally to comply with the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 38.1. Appellant was instructed
to file an amended brief.

 The Court received an amended brief on May 8, 2009. On May 14, 2009, the Clerk
of the Court notified appellant that the amended brief failed generally to comply with Rule
9.4(d), (h) and 38.1(c) as required by Texas Rules of Appellate Procedure. Appellant was
directed to file an amended brief in compliance with the Texas Rules of Appellate
Procedure within ten days of the date of the letter, and notified that if the Court received
another brief that did not comply, the Court may strike the brief, prohibit appellant from
filing another, and proceed as if appellant had failed to file a brief, under which
circumstances the Court may affirm the judgment or dismiss the appeal. See id. 38.9(a),
42.3(b),(c). 

 On May 27, 2009, the Court received an amended brief. The amended brief fails
to comply with the Texas Rules of Appellate Procedure. See id. 9.4(h), 38.1(c). 
Specifically, appellant's amended brief does not contain a clear and concise argument for
the contentions made, "with appropriate citations to authorities and the record." See id.
38.1(I). Moreover, the brief does not contain an index of authorities and the appendix is
not tabbed and indexed. Appellant states in the brief that he is asking the Court to waive
the requirement for the reference of authorities and this should not be a reason to dismiss
the brief. 

 Pro se litigants are held to the same standards as licensed attorneys, and they must
therefore comply with all applicable rules of procedure. Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978). If a party files a brief that does not comply with the
Texas Rules of Appellate Procedure, and that party files an amended brief that likewise
does not comply with the rules, "the court may strike the brief, prohibit the party from filing
another, and proceed as if the party had failed to file a brief." Tex. R. App. P. 38.9(a). 
Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to
file a brief, the appellate court may dismiss the appeal for want of prosecution.

 Accordingly, we strike appellant's non-conforming brief and order the appeal
DISMISSED FOR WANT OF PROSECUTION. See Tex. R. App. P. 38.8(a), 38.9(a),
42.3(b)(c). 

 PER CURIAM


Memorandum Opinion delivered and

filed this the 25th day of June, 2009.