Opinion issued March 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00819-CV

———————————

Phillip Tung Quoc Ngo, Appellant

V.

St. Luke’s
Hospital at the Vintage, L.L.C. and Vivian Habib, M.D., Appellees



 



 

On Appeal from the 125th District Court

Harris County, Texas



Trial Court Case No. 2008-38018

 



 

MEMORANDUM OPINION

          Appellant
Phillip Tung Quoc Ngo’s beloved wife Mary Rose Ngo was admitted to St. Luke’s
Hospital at the Vintage, L.L.C. in 2006 with complaints of shortness of
breath.  She died approximately one week
later from respiratory failure and multi-organ system failure.  She was 82 years old.

          Mr. Ngo
sued St. Luke’s Hospital, pro se, alleging that his wife died because of the
hospital’s negligence and wrongdoing.  He
did not file an expert report within 120 days of filing suit, and the trial
court granted the hospital’s motion to dismiss for failing to comply with the
requirements of the Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351 (West Supp. 2010).  In addition,
approximately nine months after the expiration of the statute of limitations,
Mr. Ngo filed an amended pleading adding Dr. Vivian Habib as a
defendant.  The trial court granted Dr.
Habib’s motion for summary judgment based on the two-year statute of
limitations.  See id. § 16.003(b) (West
Supp. 2010).

          Mr.
Ngo filed a notice of appeal.  In his
appellate brief, he reiterates the factual allegations contained in his
pleadings in the trial court, but he does not present any argument that the
case should not have been dismissed pursuant to Section 74.351 or that his
claim against Dr. Habib was not barred by limitations.  Moreover, his brief does not comply with the
requirements of Texas Rule of Appellate Procedure 38.1, including the necessity
to state the issues presented and to make a clear and concise argument for his
contentions with appropriate citations to legal authorities and the
record.  See Tex. R. App. P.
38.1.  Because pro se litigants are held
to the same standards as licensed attorneys, see Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex. 1978),
we must conclude that Mr. Ngo has waived any other grounds he may have intended
to present for appellate review.  See Tesoro Petroleum Corp. v. Nabors
Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.]
2002, pet. denied).

          We affirm the judgment of
the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.