

NUMBER 13-10-00565-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF B.B.A. AND S.A., CHILDREN

On appeal from the 404th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam**

Appellant, Amanda Baker, filed an appeal from a judgment determining child custody. The appellant's brief in the above cause was due on January 10, 2011. On January 24, 2011, appellant filed a brief that was not in compliance with the Texas Rules of Appellate Procedure. The brief failed generally to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4., 9.5, 38.1.

On February 10, 2011, the Clerk of the Court sent appellant a certified letter stating that the brief failed to comply with Rule 9.4 (c), (d) and (e), 9.5 (e) and 38.1 (b), (c), (d) and

(k) of the Texas Rules of Appellate Procedure. The brief does not contain a table of contents with references to the pages of the brief as required by Rule 38.1(b); does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited as required by Rule 38.1(c); does not state concisely and without argument the facts pertinent to the issues or points presented as required by Rule 38.1(d); does not contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record; and does not contain an appendix as required by Rule 38.1(k). Additionally, the brief's margins, spacing and typeface are not in compliance and the brief does not contain a certificate of service. *See* TEX. R. APP. P. 9.4, 9.5 (e).

Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and was notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id.* 38.9(a), 42.3(b),(c). The letter was sent to appellant's last known forwarding address; however, it was returned unclaimed.

On April 4, 2011, the Clerk of the Court resent the letter dated February 10, 2011, to the appellant's last known forwarding address by regular and certified mail. The certified mail was unclaimed; however, the regular mail was not returned and no response has been filed.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v.*

2

*Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If the appellant does not file another brief that complies with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c).

PER CURIAM

Delivered and filed the
12th day of May, 2011.