

# NUMBER 13-11-00463-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CHRISTOPHER JONES, TDCJ#656546,**                  **Appellant,**

**v.**

**NATHANIEL QUARTERMAN AND TDCJ-ID, ET AL.,**      **Appellees.**

### On appeal from the 52nd District Court
### of Coryell County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion Per Curiam

The appellant's brief in the above cause was due on July 30, 2011. On July 25, 2011, appellant filed a brief that was not in compliance with the Texas Rules of Appellate Procedure. The brief failed generally to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1 (f), (g) and (k).

On November 18, 2011, the Clerk of the Court notified appellant that the brief failed to comply with Rule 38.1 (f), (g), and (k) of the Texas Rules of Appellate Procedure. The brief does not state concisely all issues or points presented for review as required by Rule 38.1(f); does not state concisely and without argument the facts pertinent to the issues or points presented as required by Rule 38.1(g); and does not contain an appendix as required by Rule 38.1(k). *See* TEX. R. APP. P. 38.1

Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See Id.* 38.9(a), 42.3(b),(c). Appellant failed to respond to the Court's notice.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If the appellant does not file another brief that complies with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c).

PER CURIAM

Delivered and filed the
16th day of February, 2012.