

NUMBER 13-13-00406-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MEERA SINGH AND GEORGE
SAM HOUSTON A/K/A SAM HOUSTON**                    **Appellant,**

**v.**

**BANK OF AMERICA, N.A., MARY DAFFIN,
AND STEVE TURNER**                                   **Appellees.**

---

**On appeal from the 277th District Court
of Williamson County, Texas.**

---

# MEMORANDUM OPINION[1]

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam**

This appeal arises out of a lawsuit filed by appellants, Meera Singh and George

Sam Houston a/k/a Sam Houston ("appellants") against appellees, Bank of America N.A.,

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Mary Daffin, and Steve Turner ("appellees") wherein appellants allege various causes of action, including for wrongful foreclosure. We dismiss the appeal for want of prosecution.

On August 27, 2013, this Court advised appellants that the appendix to their brief was received, but did not comply with Texas Rule of Appellate Procedure 38.1(k). *See* TEX. R. APP. P. 38.1(k) (requiring appellants' briefs in civil cases to contain: (1) a copy of the trial court's judgment or other appealable order from which relief is sought; (2) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and (3) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument). Accordingly, we gave appellants ten days from the date of the notice to cure the defect or face, among other things, potential dismissal of their appeal. *See id.* at R. 38.9(a), 42.3(b), (c).

On September 5, 2013, this Court received appellants's amended appendix consisting of a letter, a CD, and loose pages of documents. We again notified appellants that their amended appendix did not comply with Texas Rule of Appellate Procedure 38.1(k) and that there was no certificate of service in accordance with Texas Rule of Appellate Procedure 9.5(e). *See id.* at R. 38.1(k), 9.5(e). Accordingly, we directed appellants to file an amended appendix that complies with the stated rule within ten days. This Court again notified appellants that failure to cure these defects would result in a possible dismissal of their appeal. *See id.* at R. 38.9(a), 42.3(b), (c).

On September 16, 2013, this Court received appellants's amended appendix

2

consisting of a document entitled "Williamson County, Texas Real Property Records Audit Report" dated January 29, 2013. For a third time, this appendix did not comply with Texas Rule of Appellate Procedure 38.1(k).

In the interim, appellants have filed the following motions: (1) motion to disqualify appellees's counsel filed September 16, 2013; (2) motion for preliminary injunctive relief filed September 20, 2013; (3) motion for appointment of counsel filed September 30, 2013; and (4) motion to strike appellees's response to appellant's motions for preliminary injunctive relief and to disqualify appellees's counsel filed October 3, 2013. All four of these motions are hereby denied.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If a party files a brief that does not comply with the Texas Rules of Appellate Procedure, and that party files an amended brief that likewise does not comply with the rules, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief." TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b)(c).

PER CURIAM

Delivered and filed the
7th day of November, 2013.

3