

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00141-CV

IN THE INTEREST OF V.P.,
A CHILD

----------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 231-331365-02

----------

## MEMORANDUM OPINION[1]

----------

On September 10, 2014, we notified Appellant V.V. that her brief did not comply with appellate rules of procedure 9.4(f) and (i); 9.9; and 38.1(g), (h), and (i) and local rule 1.A.[2] We stated in our letter to Appellant that her failure to

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. R. App. P. 9.4(f), (i), 9.9, 38.1(g)–(i); 2nd Tex. App. (Fort Worth) Loc. R. 1.A.

timely file an amended brief in compliance with the above rules could result in the waiver of noncompliant points, our striking her brief, or the dismissal of her appeal.[3] We received Appellant's amended brief on September 19, 2014, but it too was noncompliant. On October 8, 2014, we notified Appellant that her amended brief did not comply with appellate rules of procedure 9.4(h), (i), and (j); 9.9; and 38.1(d) and (k).[4] We again stated in our letter to Appellant that her failure to timely file an amended brief in compliance with the above rules could result in the waiver of noncompliant points, our striking her brief, or the dismissal of her appeal.[5]

On October 20, 2014, this court filed Appellant's second amended brief that remained noncompliant. On November 20, 2014, we notified Appellant that her second amended brief did not comply with appellate rules of procedure 9.1; 9.4(h); 9.9; and 38.1(g), (i), and (k) and local rule 7.[6] We again stated in our letter to Appellant that her failure to timely file an amended brief in compliance with the above rules could result in the waiver of noncompliant points, our striking

---

[3]*See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).

[4]*See* Tex. R. App. P. 9.4(h)–(j), 9.9, 38.1(d), (k).

[5]*See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).

[6]*See* Tex. R. App. P. 9.1, 9.4(h), 9.9, 38.1(g), (i), (k); 2nd Tex. App. (Fort Worth) Loc. R. 7.

her brief, or the dismissal of her appeal.[7]  The due date for her compliant brief was December 1, 2014.  We have received no brief and no response to our November 20, 2014 letter.

"We liberally construe pro se briefs, but to ensure fairness in our treatment of all litigants, we hold pro se litigants to the same standards as licensed attorneys and require pro se litigants to follow the applicable laws and rules of procedure."[8]  In this case, pro se Appellant is a licensed attorney.  Accordingly, we strike Appellant's brief and dismiss this appeal for want of prosecution.[9]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  January 15, 2015

---

[7]*See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).

[8]*Branch v. Fannie Mae*, No. 02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012, no pet.) (mem. op.); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied), *cert. denied*, 531 U.S. 835 (2000).

[9]*See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b), (c).

3