**DISMISS; and Opinion Filed March 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00414-CV

**MARY HELEN WILLIAMS-WHITE, Appellant**
**V.**
**HENRY M. WHITE, BY AND THROUGH ELAINE FLEMING, GUARDIAN OF THE PERSON AND ESTATE OF HENRY M. WHITE, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-12-0829**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Mary Helen Williams-White appeals the trial court's judgment annulling her marriage to Henry M. White. For the reasons that follow, we dismiss the appeal.

White's children hired appellant to care for White three days a week. A few years later during a family visit, the children learned that White and appellant had married, and that appellant had written herself several large checks from White's bank account. White told his children that he married appellant because she threatened not to take care of him if he did not marry her. White's daughter, Elaine Fleming, applied for and was made White's legal guardian. She fired appellant, hired a new caregiver, and filed a petition to annul White and appellant's marriage. The petition alleged that appellant induced White to marry her by fraud and that White "did not have the mental capacity to consent to marriage or to understand the nature of the

marriage ceremony because of a mental disease or defect." The petition alleged that appellant, at the time of the marriage, "was aware of [White's] mental capacity since she was hired to serve as a caregiver for him for several years." The parties waived a jury and, after hearing evidence on four separate dates over the course of seven months, the trial court rendered a decree of annulment. Meanwhile, White passed away. Appellant filed this appeal in which she represents herself.

A party to civil litigation in Texas has the right to represent herself on appeal. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). This right carries with it the responsibility to adhere to our rules of appellate procedure. *Id.*; *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Courts regularly caution pro se litigants that they will not be treated differently from a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require an appellant to state concisely her complaints; to provide understandable, succinct, and clear arguments for why her complaints have merit in fact and in law; to cite and apply law that is applicable to the complaints being made; and to make appropriate citations to the record. TEX. R. APP. P. 38.1(f)–(i). To comply with rule 38.1(f), an appellant must articulate the issues we will be asked to decide. *Bolling*, 315 S.W.3d at 896. To comply with rule 38.1(g), an appellant must provide a concise statement of the facts pertinent to the issues, without argument, and supported by direct references to the record that are precise in locating the facts asserted. If record references are not made, the brief fails. *Id*. Rule 38.1(i) also calls for the brief to guide us through an appellant's arguments with clear and understandable statements of the contentions being made. It requires an appellant to cite existing legal authority that is applicable to the facts and the questions we are called on to answer. *Id*.

We may discharge our responsibility to review an appeal and make a decision that disposes of an appeal only when we are provided with proper briefing. We are not responsible for identifying possible trial court error or for searching the record for facts that may be favorable to a party's position. *Bolling*, 315 S.W.3d at 895; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). We do not adhere to any rigid rules about the form of a brief when deciding whether an appellant's brief is deficient. We do, however, examine briefs for compliance with the briefing rules. We examine every brief closely. If we can conclude that a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and a decision on the merits. If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3.

In this case, appellant filed a deficient brief. The clerk of the Court sent appellant written notice that her appellant's brief contained 18 deficiencies of form and substance. Appellant filed an amended brief, but it did not cure any of the specific deficiencies. For example, the amended brief does not contain a concise statement of the issues or points presented for our review. TEX. R. APP. P. 38.1(f). It does not contain a concise statement of facts, without argument, supported by record references. TEX. R. APP. P. 38.1(g). And it does not contain an argument section, an analysis of legal authorities, citations to the record, or an application of the law to the facts or issues in the case. *See* TEX. R. APP. P. 38.1(h)–(i). In fact, appellant's brief does not contain a single reference to the record or legal authority. *See* TEX. R. APP. P. 38.1(g), (i).

Because appellant has failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so, we dismiss her appeal.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130414F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARY HELEN WILLIAMS-WHITE,
Appellant

No. 05-13-00414-CV      V.

HENRY M. WHITE, BY AND THROUGH
ELAINE FLEMING, GUARDIAN OF THE
PERSON AND ESTATE OF HENRY M.
WHITE, Appellee

On Appeal from the 59th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. FA-12-0829.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Henry M. White, by and through Elaine Fleming, Guardian of the Person and Estate of Henry M. White, recover his costs of this appeal from appellant Mary Helen Williams-White.

Judgment entered this 16th day of March, 2015.