

# NUMBER 13-23-00536-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE RAMIRO MEZA,                                                    Appellant,

v.

DIANE C. HOLLAND, INDIVIDUALLY
AND AS STATUTORY BENEFICIARIES
OF THE ESTATE OF SAMUEL WAYNE
HOLLAND, DECEASED AND AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF SAMUEL WAYNE
HOLLAND, DECEASED,                                                  Appellees.

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

On December 5, 2023, appellant filed a notice of appeal. On December 7, 2024, the Clerk of the Court noticed appellant that the notice of appeal did not comply with Texas Rules of Appellate Procedure 9.1(b), 9.5, 25.1(d)(2) and (4), and 25.1(e). TEX. R. APP. P. 9.5, 25.1(d)(2) and (4), and 25.1(e). That same day, appellant filed an amended notice of appeal. On January 29, 2024, again, the Clerk of the Court notified appellant the amended notice of appeal did not comply with the Texas Rules of Appellate Procedure. *See Id.* Finally, on February 22, 2024, the Clerk of the Court notified appellant again of the defects and that if the defects were not corrected within ten days, the appeal would be dismissed. *Id.* R. 42.3(b), (c).

On February 28, 2024, the clerk's January 29, 2024 notice was returned to sender and marked "unclaimed," and "unable to forward." Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See id.* R. 9.1(b). Nonetheless, appellant filed a response on February 28, 2024. The response asserts the cited rules related to the defects in the notice of appeal did not apply to his appeal. Additionally, appellant's response does not comply with Texas Rule of Appellate Procedure 9.1 and 9.5. *Id.* R. 9.1, 9.5.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Furthermore, Texas Rule of Appellate Procedure 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a

requirement of the appellate rules. *See id.* 42.3(b), (c). We now dismiss the appeal for want of prosecution. *See id.*

Accordingly, appellee's motion to compel compliance with Rule 9.5 and appellant's motion for jury trial, previously carried, are now both denied as moot. *See id.* R. 9.5.

CLARISSA SILVA
Justice

Delivered and filed on the
11th day of April, 2024.

3