

# NUMBER 13-24-00060-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**NORMAN MADRID,**                                                        **Appellant,**

**v.**

**MARIA CECILIA LIMON LEDESMA,**                              **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF CAMERON, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

On January 29, 2024, appellant filed a notice of appeal. The Clerk of the Court notified appellant of an outstanding filing fee and that his notice of appeal did not comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.1(b), 25.1(d)(2, 5). The Clerk of Court requested that appellant cure the defect. *See id*. R. 37.1. On March 12, 2024, the Clerk of Court notified appellant that he had not complied with this Court's

request to cure the defective notice and advised that dismissal may be warranted absent further action. *See id*. R. 42.3.

On April 2, 2024, appellant filed a motion for extension of time to file an amended notice of appeal. We granted this motion, giving appellant until April 15, 2024, to file an amended notice. On April 17, 2024, appellant filed a motion for leave to file an amended notice and a corresponding amended notice of appeal. By letter dated April 22, 2024, we notified appellant that his amended notice was still not in compliance with the rules of appellate procedure. We advised that if proper notice was not filed in the trial court within 10 days,  his appeal may be dismissed for want of prosecution. See id. R. 42.3. In this letter, the Clerk of Court specifically informed appellant that "[p]ro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)."

After consideration, this Court accepted appellant's notice of appeal as curing the prior defect. On May 13, 2024, the Clerk of Court notified the court reporter that a reporter's record had not been received. *See id*. R. 37.3(a)(1). On June 10, 2024, the court reporter notified this court that he was awaiting payment to begin working on transcripts, stating that "[w]hen payment is received, I will upload the completed transcript immediately."

On July 10, 2024, the Clerk of Court issued a letter to appellant informing him that his brief was due on July 1, 2024. We notified him that his case could be dismissed within ten days if he did not explain his failure to file a brief. *See id*. R. 38.8(a)(1). On July 23, 2024, appellant filed a letter stating that he missed the deadline to file because he was

out of the country. We construed this letter as appellant's first motion for extension of time and informed him that he must pay a filing fee and submit an amended motion in compliance with the rules of appellate procedure within ten days. *See id*. R 9.1(b), 9.5(e), 10.1(a)(5), 10.5(b)(1)(A), 10.5(b)(1)(B), and 10.5(b)(1)(D).

On August 13, 2024, appellant filed another letter with this Court requesting additional time to file his brief. On August 14, 2024, we informed appellant that his motion for extension of time was still not in compliance.

Appellant has failed to file a proper amended motion for extension of time, as requested, or to take other appropriate action within the time specified. He has failed to file his appellant's brief, which was due on July 1, 2024. Accordingly, the appeal is dismissed for want of prosecution and for failure to comply with procedural requirements and notices from the Clerk of the Court. *See id*. R. 42.3(b), (c).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
29th day of August, 2024.

3