# Court of Appeals
## Tenth Appellate District of Texas

10-24-00213-CV

Beth Ann Ruohonen f/k/a Beth Ann Kahkonen,
Appellant

v.

LRCA Investment LLC d/b/a Northside RV Resort and Northside RV Resort,
Appellee

On appeal from the
40th District Court of Ellis County, Texas
Judge Bob Carroll, presiding
Trial Court Cause No. 111141

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

On December 20, 2024, we struck the brief of pro se appellant Beth Ann Ruohonen f/k/a Beth Ann Kahkonen for failure to comply with several of the Rules of Appellate Procedure and ordered her to file a corrected brief conforming with the appellate rules. *See* TEX. R. APP. P. 9.4(i)(3), (k), 9.5(d), 38.1(a)-(d), (f)-(i), (k). By letter dated January 30, 2025, we warned Appellant

that her appeal may be dismissed for want of prosecution because she had not filed her corrected brief. *See id.* at R. 38.8(a)(1), 42.3.

On February 25, 2025, Appellant filed a document that we construe as her attempt to file a brief. Like Appellant's original brief, this brief is also noncompliant. Appellant lists several facts without record references, lacks argument with citation to legal authorities, and does not satisfy many of Rule 38.1's other formal requirements. *See* TEX. R. APP. P. 38.1(a), (c)-(d), (f)-(i), (k). Furthermore, Appellant's brief does not include proof of service as required by Rule 9.5 and does not contain a certificate of compliance regarding the number of words in her brief. *See id.* at R. 9.4(i)(3), 9.5(d).

Although we liberally construe pro se briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable rules of procedure to ensure fairness in our treatment of all litigants. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). When a party files a noncompliant brief, and after being afforded the opportunity to file a corrected brief, files another brief that does not comply with the appellate rules, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief." TEX. R. APP. P. 38.9(a). When a party fails to file a brief, we may dismiss the appeal for want of prosecution. *Id.* at 38.8(a)(1).

Accordingly, because Appellant has failed to file a rule-compliant brief even after we afforded her the opportunity to do so, we strike Appellant's noncompliant brief and dismiss the appeal. *See id.* at R. 38.8(a)(1), 38.9(a), 42.3 (b)-(c), 43.2(f).

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: March 6, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Dismissed
[CV06]

