

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00386-CV

_____

VALECIA ASHLEY GRAY, Appellant

V.

CREDO NIATI TSHIMBA, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-345934-23

Before Sudderth, C.J., Kerr, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Valecia Ashley Gray, proceeding pro se, appeals from a partial default judgment rendered against her in a negligent entrustment suit. On March 28, 2025, we received a document from Gray that we construed as an appellant's brief.[1] The entirety of Gray's brief consists of the following:

> I, Valecia asking the courts to go after Dorothy White. Dorothy was the driver day of car accident. Thirty thousand dollars a lot of money for me to pay for something I, wasn't involved nor was I driving the vehicle the day of the crash. I barely can afford my living arrangement. Right along I have a disable child i support on a daily basis. Single mom of three children that still have to depend on me fully. I have text messages stated she was drove my vehicle. Been reaching out to Dorothy since last year when I was served. So, please go after Dorothy White. I shouldn't be reliable to pay anything out of my pocket.

In response, we sent Gray a letter explaining that her brief does not comply with Texas Rules of Appellate Procedure nor with Second Court of Appeals Local Rules. We identified fourteen deficiencies, including the absence of:

(1.) a list of all the parties and counsel, Tex. R. App. P. 38.1(a),

(2.) a table of contents, Tex. R. App. P. 38.1(b),

(3.) an index of authorities, Tex. R. App. P. 38.1(c),

(4.) a statement of the case with record references, Tex. R. App. P. 38.1(d),

(5.) any statement regarding oral argument, Tex. R. App. P. 38.1(e),

---

[1]Gray's brief was due on February 12, 2025. After she failed to file a brief, we sent her a late-brief notice on February 25, 2025, that directed her to file her brief and an extension motion by March 7, 2025.

(6.) the issue presented, Tex. R. App. P. 38.1(f),

(7.) a statement of facts with record references, Tex. R. App. P. 38.1(g),

(8.) a summary of the argument, Tex. R. App. P. 38.1(h),

(9.) a clear and concise argument for the contentions made, with appropriate citations to legal authorities and to the record, Tex. R. App. P. 38.1(i),

(10.) a prayer, Tex. R. App. P. 38.1(j),

(11.) an appendix, Tex. R. App. P. 38.1(k),

(12.) a front cover, 2nd Tex. App. (Fort Worth) Loc. R. 1.A,

(13.) a certificate of compliance, Tex. R. App. P. 9.4(i), and

(14.) a text-searchable portable document format (PDF), Tex. R. App. P. 9.4(j)(1).

Texas Rule of Appellate Procedure 38.9 provides that "substantial compliance" with the briefing rules is required. Tex. R. App. P. 38.9. If we determine that the briefing rules have been flagrantly violated as to form, we may require the appellant to amend, supplement, or redraw her brief. Tex. R. App. P. 38.9(a). If the appellant files another brief that does not comply, we may strike the brief, prohibit the party from filing another, and proceed as if the party did not file a brief. *Id.*

We directed Gray to file an amended brief that complied with the above rules no later than April 7, 2025, and warned that failure to do so could result in striking

her brief and dismissing the appeal.  *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3(c).  Gray did not file an amended brief or otherwise respond to our letter.

Gray's tendered brief is in flagrant violation of the briefing rules.[2]  *See* Tex. R. App. P. 38.9(a).  Although we warned that we could strike her brief and dismiss the appeal if she failed to comply, Gray has not attempted to do so or to reasonably explain her failure.  Because Gray has failed to file a rule-compliant amended brief after we afforded her an opportunity to do so, we strike her brief and dismiss the appeal for want of prosecution.  *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  June 5, 2025

---

[2]"We liberally construe pro se briefs, but to ensure fairness in our treatment of all litigants, we hold pro se litigants to the same standards as licensed attorneys and require pro se litigants to follow the applicable laws and rules of procedure." *Branch v. Fannie Mae*, No. 02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012, no pet.) (per curiam) (mem. op.); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).