

# NUMBER 13-25-00087-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**FELICIA BROOKS,** **Appellant,**

**v.**

**LAUREL HEIGHTS AT CITYVIEW LP,** **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF TARRANT COUNTY, TEXAS

---

# MEMORANDUM OPINION

## Before Chief Justice Tijerina and Justices West and Fonseca
## Memorandum Opinion by Justice Fonseca[1]

This matter is before the Court on its own motion. On January 29, 2025, appellant Felicia Brooks filed her notice of appeal seeking to stay the execution of the writ of possession granted by the trial court in favor of appellee Laurel Heights at Cityview LP.

---

[1] This appeal was transferred from the Second Court of Appeals pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

Between March 28, 2025, and April 2, 2025, a supplemental clerk's record was filed with the Court as well as a notice of execution of writ of possession. Both the supplemental clerk's record and notice informed this Court that appellee took possession of the subject property, and appellee and the trial court opined that appellant's appeal was rendered moot as a result. Accordingly, on May 5, 2025, we ordered appellant to file an appellate brief by May 25, 2025, regarding whether her appeal had been rendered moot by subsequent proceedings. As of today, appellant has failed to file any subsequent briefing or any other notice. The Court has attempted to provide notice at the address provided by appellant, and she has an ongoing duty to provide this Court with her current contact information. Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

The Court, having reviewed the appellate record, is of the opinion that appellant has failed to diligently prosecute her appeal. Therefore, in the interest of justice, we hereby dismiss the appeal for want of prosecution and for failure to comply with a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b), (c), 43.2(f). Any and all other pending motions are denied as moot.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
12th day of June, 2025.

2