

NUMBER 13-13-00050-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROGER EARL EBARB,                                             Appellant,

v.

NANCY EBARB HOPSON AS
INDEPENDENT EXECUTRIX OF
THE ESTATE OF LUCILLE
LEONE EBARB,                                                   Appellee.

**On appeal from the County Court
of Newton County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Perkes
Memorandum Opinion Per Curiam**

The appellant's brief in the above cause was due on February 13, 2013. On

March 12, 2013, appellant filed a brief that was not in compliance with the Texas Rules of

Appellate Procedure. The brief failed generally to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4., 9.5(e), 38.1.

On March 15, 2013, the Clerk of the Court notified appellant that the brief failed to comply with Rule 9.4, 9.5 (e) and 38.1 of the Texas Rules of Appellate Procedure. The brief does not contain the following: the identity of parties and counsel as required by rule 38.1(a); a table of contents as required by rule 38.1(b); an index of authorities as required by rule 38.1(c); a statement of the case supported by record references as required by rule 38.1(d); the issues presented for review as required by rule 38.1(f); a statement of facts pertinent to the issues or points presented as required by rule 38.1(g); a summary of the argument as required by rule 38.1(h); a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record as required by rule 38.1(i); a prayer stating the nature of the relief sought as required by rule 38.1(j); and does not contain an appendix as required by rule 38.1(k). *See* TEX. R. APP. P. 38.1. Additionally, the brief's margins, spacing and typeface are not in compliance and the brief does not contain a certificate of compliance or a certificate of service. *See id.* 9.4, 9.5(e).

Appellant was directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id.* 38.9(a), 42.3(b),(c). Appellant failed to respond to the Court's notice.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a). If the appellant does not file another brief that complies with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.* Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

Accordingly, we strike appellant's non-conforming brief and order the appeal DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b), (c). Any pending motions are dismissed as moot.

PER CURIAM

Delivered and filed the
25th day of April, 2013.