# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00342-CV

**Sam Houston and Meera Singh, Appellants**

**v.**

**Ally Financial, Inc., Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 13-0936-C368, HONORABLE RICK J. KENNON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellee Ally Financial, Inc., sued William G. Houston for breaching his payment obligations under an automobile lease agreement. In addition to seeking money damages and attorney's fees from Houston, Ally sought to foreclose its security interest in and recover possession of the vehicle.[1] Ally subsequently obtained a default judgment on these claims, which was later merged into the final judgment, and eventually recovered possession of the vehicle as well. William Houston has not appealed this judgment and is not a party to this proceeding.

In the interim, Ally had asserted additional claims seeking possession of the vehicle as against two of William Houston's relatives, Sam Houston and Meera Singh (a/k/a Meera Houston), appellants here. In contrast to William Houston, appellants were quite vigorous in litigating against

---

[1] A 2011 Cadillac SRX. Houston had entered into the lease with Covert Buick, Inc., and Covert assigned the lease to Ally.

Ally, interposing myriad pro se filings and asserting counterclaims. Both Ally and appellants moved for summary judgment. While the motions were pending before the district court, Ally non-suited its claims against appellants, leaving at issue only appellants' affirmative claims. The district court granted final summary judgment that appellants take nothing on their claims, and they perfected this appeal.

As best we can understand appellants' briefing on appeal, they attempt to complain of the district court's rendition of judgment against *William* Houston and various persons and disputes not before the district court, or raise contentions that were not preserved below. Appellants also claim that a visiting judge initially denied Ally's summary-judgment motion before the presiding judge later granted it, suggesting such circumstances imply some sort of error or impropriety. We find no reversible error in the district court's judgment against appellants, and we affirm.[2]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: August 18, 2015

_____

[2] *See* Tex. R. App. P. 47.1; *see also id*. R. 33.1 (error-preservation requirements), R. 38.1(i) (briefing requirements). While appellants have acted pro se, we are bound to apply the same procedural and substantive standards to them as with litigants represented by counsel, lest we give them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).