# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00405-CV

**Darrell J. Harper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-14-004224, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Darrell J. Harper is currently incarcerated on convictions for retaliation and terroristic threat, convictions that this Court affirmed in 2014.[1] Subsequently, complaining of alleged errors in his criminal trial, conviction, and sentence, Harper sued the State of Texas pro se seeking $3,000,000 in damages for "Harassment," "Entrapment," "False Incarceration," and "Malicious Prosecution." This was not the first time Harper has sued the State or other defendants seeking damages relating to his criminal proceedings, and thus the State filed a motion under Chapter 11 of the Civil Practice and Remedies Code[2] to have Harper declared a vexatious litigant and be required to furnish court-ordered security as a condition of prosecuting his suit.[3] The

---

[1] *See generally Harper v. State*, No. 03-12-00075-CR, 2014 Tex. App. LEXIS 4615 (Tex. App.—Austin Apr. 30, 2014, no pet.) (mem. op.).

[2] *See generally* Tex. Civ. Prac. & Rem. Code §§ 11.001–.104.

[3] *See id*. § 11.051.

district court granted the State's motion, found Harper to be a vexatious litigant, and ordered him to furnish security in the amount of $2,500 within six weeks in order to proceed with his suit.[4] Though Harper made many more pro se filings below, he did not post the required security within the required period (and never did), and the district court eventually rendered final judgment dismissing the suit in its entirety.[5] Harper now appeals that judgment. We will affirm.

Chapter 11 of the Civil Practice and Remedies Code authorized—indeed, required—the district court to require security and ultimately dismiss Harper's suit once it found that Harper was a vexatious litigant.[6] The court was authorized to find Harper to be a vexatious litigant upon a showing by the State that (1) there was no reasonable probability that Harper would prevail in his suit and, as relevant here, (2) Harper had commenced, prosecuted, or maintained at least five litigations pro se other than in small-claims court that had been finally determined adversely to him.[7] To make the required showing, the State emphasized legal barriers to Harper's current suit that included sovereign immunity and Harper's failure to invoke any cognizable waiver, along with proof that Harper had filed at least nine other civil lawsuits in Travis County District Court—all

---

[4] *See id.* § 11.055. The State had also moved for, and the district court granted, a pre-filing order barring Harper from filing new litigation in state court without prior permission from a local administrative judge. *See id.* § 11.101(a).

[5] *See id.* § 11.055.

[6] *See id.* §§ 11.055(a) ("A court *shall* order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing evidence on the motion, determines that the plaintiff is a vexatious litigant."), .056 ("The court *shall* dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order.") (emphases added).

[7] *See id.* § 11.054(1)(A).

2

ultimately unsuccessful—seeking damages relating to his criminal proceedings from defendants that included the crime victim, local judges, and law enforcement. We review the district court's ultimate determination that Harper is a vexatious litigant under an abuse-of-discretion standard, i.e., inquiring whether the court acted arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence.[8] Traditional legal and factual sufficiency review may come into play when the existence of supporting evidence is challenged.[9]

Harper has not attempted to address these governing legal standards or underlying evidence in his appellate briefing, two one-page documents consisting chiefly of rehashed complaints about his criminal trial. Harper does, however, additionally accuse the State of "tak[ing] advantage of" him in his present suit "for not being appropriately represented by counsel," which in his view entitles him to "Judgment by Default" that the State has violated multiple statutes. Leaving aside preservation problems and whether Harper's complaint is even material to our review of the judgment on appeal, Harper's pro se status does not exempt him from application of Chapter 11 and the procedural standards that govern all litigants.[10] Harper has not shown, nor do we perceive, any error or abuse of discretion in the district court's application of those standards here.

---

[8] *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied).

[9] *See id.*

[10] *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules," as otherwise "they would be given an unfair advantage over litigants represented by counsel.").

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed: August 30, 2016