# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00324-CV

**Jean-Michel Guerin, Appellant**

**v.**

**Tina Renee Leone, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 263,324-E, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## NO. 03-15-00594-CV

**In re Jean-Michel Guerin**

**ORIGINAL PROCEEDING FROM BELL COUNTY**

## M E M O R A N D U M   O P I N I O N

These causes—filed as an appeal and as a mandamus proceeding—both challenge provisions of a final divorce decree that concluded an acrimonious parting of Jean-Michel Guerin and his now-ex-wife, Tina Renee Leone.[1]  We will deny relief in both.

---

[1]  While the appeal when originally docketed referred to appellee by her married surname of Guerin, unchallenged provisions of the divorce decree changed her surname to Leone.  We have updated the style of the appeal accordingly and have similarly identified her in this opinion.

Although represented by counsel below, Guerin is pro se now, and we have done our best to discern the legally material substance of his contentions while remaining mindful that we must ultimately apply the same rules to him as we would litigants represented by counsel.[2] We will begin with his appeal.

A central theme of Guerin throughout the litigation has been that Leone sought—with some success—to sabotage his career in the U.S. Army by persistently contacting the Army and conveying her allegations or purported proof (including discovery products from the parties' divorce litigation) that Guerin had committed adultery (a potential basis for military discipline), failed to pay court-ordered temporary spousal support, or committed financial misconduct. In fact, Guerin would eventually receive a formal reprimand from his military superiors for having an adulterous relationship. Early in the litigation, Guerin obtained agreed temporary orders forbidding Leone from contacting his chain of command, and in the final decree the district court held Leone in contempt for violating that prohibition, imposed a $500 fine, and awarded Guerin attorney's fees.[3] Likewise, the district court awarded Guerin a disproportionate share of the marital property, and written findings of fact and conclusions of law elaborated that the award was based on conduct by Leone that included her persistent communications with the Army despite the temporary orders prohibiting them. And based on the same course of conduct by Leone, Guerin had also sought money damages—around $1 million—based on a theory of tortious interference with his

---

[2] *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[3] Leone was also held in contempt for "incurring fees of $18,846.00 for elective cosmetic surgery" in violation of temporary orders intended to preserve community assets.

"contractual relationship" with the U.S. Army. This relief the district court denied,[4] and a chief thrust of Guerin's appeal is that the court erred or abused its discretion because its fact findings addressing Leone's communication to the Army established his right to recover for tortious interference as a matter of law. Guerin is mistaken.

To establish his tortious-interference theory of recovery, Guerin had the burden of proving (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused him injury, and (4) caused actual damages or loss.[5] The district court did not purport to make any findings or conclusions that address these elements, nor did the substance of the findings the court made suffice to establish each of these elements. Among other omissions, there were no findings of fact that would constitute an act of "interference" in the sense required by the tort, i.e., Leone's inducement of the U.S. Army (the other contracting party under Guerin's theory) to breach a contractual obligation owing to Guerin,[6] as opposed to responding with acts within the Army's legal power and discretion to perform. And to the extent Guerin's arguments should be construed as asserting that the evidence conclusively establishes all of the elements, it would fall short as well.[7]

---

[4] The decree made no specific reference to Guerin's tortious-interference theory, but the claim was denied through the decree's "Mother Hubbard" clause.

[5] *See, e.g.*, *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).

[6] *See, e.g.*, *Serafine v. Blunt*, 466 S.W.3d 352, 362 (Tex. App.—Austin 2015, no pet.) (op. on reh'g) (explaining that "act of interference" requires proof that defendant induced breach of a contractual obligation by the other contracting party).

[7] *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005) (explaining that evidence is conclusive only if reasonable people could not disagree in their conclusions).

Guerin also argues at some length that the district court erred or abused its discretion in failing to award him relief for what he perceived to be discovery "abuse" or other misconduct by Leone and her counsel. We can summarize the material features of these complaints as urging us to second-guess the district court's assessments of credibility and weight of conflicting evidence in order to second-guess its discretionary determination not to impose sanctions Guerin desired.[8] As Guerin requests us to venture well beyond the constraints of our standard of review,[9] we must reject his invitation. Guerin also presents what he styles as two "unbriefed" issues complaining of the district court's failure or refusal to make additional fact findings he had requested, as well as the court's "systematically denying [Guerin] the right to due process." The effect of not briefing issues before this intermediate appellate court is to waive them.[10]

In his accompanying mandamus petition, Guerin complains of decree provisions holding him in contempt for failing to make timely payment of three months of temporary spousal support previously ordered by the district court, imposing a $500 fine, and requiring him to pay Leone $3,000 in attorney's fees.[11] In addition to urging us again to second-guess evidentiary and discretionary decisions within the district court's province, Guerin insists that the underlying temporary spousal-support obligation cannot be enforced by contempt because it originated with a Rule 11 agreement the parties had executed early in the litigation. Guerin attempts to invoke the line

---

[8] *See* Tex. R. App. P. 47.1 (appellate opinion must be "as brief as practicable" while addressing "every issue raised *and necessary* to final disposition of the appeal") (emphasis added).

[9] *See City of Keller*, 168 S.W.3d at 819 (fact finders "are the sole judges of the credibility of the witnesses and the weight to give their testimony").

[10] *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

[11] He also presents more "unbriefed" issues that he has thereby waived.

of cases holding that when a court-ordered support obligation is imposed based solely on the parties' agreement and not statutory authority—i.e., it derives entirely from contract and not a legal duty under the Family Code—the obligation cannot be enforced by contempt because it is considered a "debt."[12] But these cases are inapposite here because Guerin's contempt judgment was founded on intervening temporary orders that, while agreed to by the parties, are expressly based on the district court's powers under the Family Code to order "necessary and equitable" temporary spousal support (as it explicitly found the obligations to be), not merely a contractual obligation.[13] We would add that Guerin (with such good reason) did not contest below the enforceability of the temporary-spousal-support obligation through contempt, so the complaint would thus be waived in any event.

We affirm the district court's decree and deny Guerin's petition for writ of mandamus.[14]

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

No. 03-15-00324-CV:     Affirmed

No. 03-15-00594-CV:     Denied

Filed: August 30, 2016

_____

[12] *See, e.g.*, *In re Green*, 221 S.W.3d 645, 647–48 (Tex. 2007).

[13] *See* Tex. Fam. Code § 6.502(a)(2); *cf. Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993) (temporary-support obligation "was issued solely on the basis of the parties' prenuptial agreement and not on the authority of the Family Code. The trial court expressly stated that it was simply enforcing the parties' agreement.").

[14] We overrule Leone's motion for appellate-level sanctions and attorney's fees.