**DISMISS and Opinion Filed May 3, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01185-CV

**DIANE WHITLEY LEE, Appellant**
**V.**
**MARY BETH BROOKS ABBOTT, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01198-E**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

Pro se appellant Diane Whitley Lee appeals the trial court's default judgment. When appellant filed her brief on December 28, 2018, the Court determined that it was deficient. By letter dated January 7, 2019, we notified appellant that the brief she filed failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Specifically, the brief is deficient because it does not contain (1) a complete list of all parties to the trial court's judgment; (2) a table of contents with references to the pages of the brief or indicating the subject matter of each issue or point; (3) an index of authorities with page cites; (4) a concise statement of the case, the course of proceedings, or the trial court's disposition of the case; (5) a concise statement of all issues presented for review; (6) a statement of facts with references to the record; (7) a succinct, clear, and accurate summary of the arguments made in the body of the brief; (8) a

short conclusion stating the nature of the relief sought; and (9) a proper certificate of compliance or a proper certificate of service. Finally, the argument does not contain appropriate citations to the record or to authorities and the brief does not have an appendix with the trial court judgment. *See id*. 38.1(a)–(f), (g)–(k). We provided appellant an opportunity to file an amended brief that complied with the requirements of rule 38.1 within ten days and cautioned her that failure to comply might result in dismissal of the appeal without further notice. *See id*. 38.8(a)(1); 42.3 (b), (c). By order dated January 22, 2019, we granted appellant an extension to February 26, 2019. When the brief was not filed, we ordered appellant to file her brief by March 18, 2019. We expressly cautioned appellant that the failure to comply might result in the dismissal of the appeal without further notice. Appellant did not file an amended brief.

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of appellate procedure. *Bolling*, 315 S.W.3d at 895 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Courts regularly caution pro se litigants that courts will not treat them differently from a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895. To comply, an appellant must articulate the issues we will be asked to decide. *Bolling*, 315 S.W.3d at 896. "[W]e must be able to discern what question of law we will be answering." *Id*. The brief fails if we must speculate or guess about the appellant's contentions. *Id*.

We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing legal research that might support a party's contention. *Id*.; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our

rule as judges and become an advocate for that party." *Bolling*, 315 S.W.3d at 895. We do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient. We do, however, examine briefs for compliance with the briefing rules. After a close examination, if we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

Here, appellant's brief is wholly deficient. Although having been told of the deficiencies, appellant has not filed an amended brief. Because she has failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so, we dismiss appellant's appeal. *See* TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

181185F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DIANE WHITLEY LEE, Appellant

No. 05-18-01185-CV　　　V.

MARY BETH BROOKS ABBOTT,
Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-01198-E.
Opinion delivered by Chief Justice Burns,
Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee MARY BETH BROOKS ABBOTT recover her costs, if any, of this appeal from appellant DIANE WHITLEY LEE.

Judgment entered May 3, 2019