# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00753-CV

**Darius L. Heads, Appellant**

**v.**

**Brittney McDade, Appellee**

## FROM THE COUNTY COURT AT LAW #4 OF WILLIAMSON COUNTY
## NO. 13-3062-FC4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Darius L. Heads appeals from the trial court's order modifying the parent-child relationship, holding Heads in contempt for failure to pay child support, granting judgment for arrearages, and awarding attorney's fees to appellee Brittney McDade.[1] Heads, who represented himself in the trial court and continues to do so on appeal, brings four appellate issues. We construe his issues as challenges to the trial court's order holding him in contempt and awarding attorney's fees to McDade.[2] We will dismiss this appeal for want of jurisdiction to the extent it challenges the trial court's contempt order and affirm the trial court's award of attorney's fees.[3]

---

[1] McDade has not filed a brief in this appeal.

[2] Although we attempt to construe a pro se appellant's briefing liberally, *see* Tex. R. App. P. 38.9, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 (Tex. App.—Austin 2018, no pet.).

## DISCUSSION

**Contempt Order**

In his first three appellate issues, Heads, in effect, challenges the trial court's order holding him in contempt for failure to pay child support. As we noted in a previous appeal by Heads, this Court does not have jurisdiction to review contempt orders on direct appeal. *Heads v. McDade*, No. 03-19-00084-CV, 2019 WL 2041765, at *1 (Tex. App.—Austin May 9, 2019, no pet.) (mem. op.). Accordingly, we will dismiss this appeal for want of jurisdiction to the extent that it challenges the trial court's contempt order.

**Attorney's Fees**

In his fourth appellate issue, Heads contends that the trial court abused its discretion in awarding McDade attorney's fees for the following reason:

> There is no prerequisite requiring a party to hire a licensed attorney to participate in a child support hearing; therefore there is no absolute physical necessity or inevitability. Appellee's decision to hire a licensed attorney is out of mere convenience and any subsequent accumulated fees are Appellee's sole responsibility.

The trial court's award of attorney's fees was authorized by statute. *See* Tex. Fam. Code §§ 106.002(a), 157.167(a). Heads cites no relevant authority for the proposition that a court may never award attorney's fees to a party unless the party retained counsel because of "absolute physical necessity or inevitability." *See Coburn v. Moreland*, 433 S.W.3d 809, 840 (Tex. App.—Austin 2014, no pet.) (noting "the broad discretion trial courts are afforded in

---

[3] The only modification the trial court's order made to the parent-child relationship was to grant McDade "the exclusive right to make decisions concerning the child's education." Heads has not challenged that modification on appeal.

2

awarding attorney's fees in SAPCR proceedings"). Accordingly, we overrule Heads's fourth appellate issue.

## CONCLUSION

We dismiss this appeal for want of jurisdiction to the extent that it challenges the trial court's contempt order. We affirm the trial court's award of attorney's fees.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed: August 7, 2019