

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00411-CV

———————————————

DAMARIS MCCALLEY, Appellant

V.

DR. CLIFTON LYNDELL COX II, METHODIST SOUTHLAKE HOSPITAL,
AND DR. OLEFEMI ABIODUN, Appellees

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-312809-19

Per Curiam Memorandum Opinion[1]

---

[1]Pursuant to Rule 2, the requirements of Rule 47.2(a) are suspended from operation in this case. *See* Tex. R. App. P. 2, 47.2(a).

## MEMORANDUM OPINION

Pro se Appellant Damaris McCalley's brief was originally due on March 8, 2021. On March 24, 2021, we notified Appellant by letter that her brief had not been filed and that if she desired to continue her appeal, she would need to file on or before April 5, 2021, her brief along with a motion reasonably explaining the failure and the need for an extension.

On March 26, 2021, we received a document from Appellant entitled "Amended Appeal in State Case," which we construed as her brief. On March 29, 2021, we notified Appellant that she needed to file a motion in accordance with Texas Rule of Appellate Procedure 10 and Local Rules 1.B. and 3 and to file an amended brief because the document that she had submitted failed to comply with Texas Rules of Appellate Procedure 9.4(i); 9.9; and 38.1(a), (b), (c), (d), (f), (g), (h), (i), (j), and (k); and Local Rule 1.A. We instructed Appellant that her motion for extension and amended brief needed to be filed by April 8, 2021, and that the failure to do so could result in striking the brief she had filed and dismissal of her appeal.

In response, on the evening of March 29, 2021, Appellant filed a document entitled "Request For An Attorney In Accordance With the Americans With Disabilities Act." We notified Appellant twice that her document did not contain a certificate of conference and requested that she submit a certificate of conference for her motion. Appellant responded on April 6, 2021, with an "Updated Request For An Attorney In Accordance With the Americans With Disabilities Act" that contained

a section requesting a conference. The following day, Appellant filed a "Motion of Continuance With Note to Whichever Clerk Is Attempting to Play Judge, Jury[,] and Defense Attorney in Favor of the Defendants And At Odds With The Americans With Disabilities Act With Request For Hearing."

On April 12, 2021, we abated the case to the trial court to conduct a hearing to determine whether Appellant desired to continue her appeal; whether Appellant was indigent; and whether counsel should be appointed to represent Appellant and to appoint counsel, if necessary. We also granted Appellant an extension of time to file her brief, ordering it due thirty days after the supplemental record from the abatement hearing was filed.

On April 28, 2021, the trial court held a hearing and found that Appellant was indigent but that she "ha[d] not demonstrated a legal basis for the appointment of counsel and that [Appellant] ha[d] not provided sufficient evidence to meet her burden of proof for appointment of counsel." The trial court denied Appellant's request for appointed counsel. The supplemental record from the abatement hearing was filed on May 12, 2021.

Three days prior to our receipt of the supplemental record from the abatement hearing, Appellant submitted a document entitled "Notice Of Removal To Federal Court." We notified Appellant that her document lacked relevant information about the suit's alleged removal to federal court and requested that she provide the following by May 21, 2021: (1) the title of the document that she had filed to remove

3

the suit to federal court, (2) the case number in which the document was filed, and (3) the date that the document was filed. Appellant has not provided the requested information, and we have not found a federal case that includes the same parties as this appeal. Accordingly, based on the language in our April 12, 2021 abatement order, the appeal was automatically reinstated, and the due date for Appellant's amended brief was set for June 11, 2021.

However, on May 20, 2021, Appellant filed a document entitled "REQUEST (Demand, it's really a Demand) For Leave to CHANGE APPEAL." In it, she again stated her need for a court-appointed attorney and asked for leave to add additional issues to the appeal. On May 25, 2021, we granted the motion in part: We permitted Appellant to raise additional issues in her amended brief, but we denied Appellant's request for a court-appointed attorney. We also denied Appellant's requests that we waive the appellate briefing rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (stating that there is not a separate set of rules for litigants representing themselves and requiring pro se litigants to comply with the applicable procedural rules).

We ordered Appellant to file, on or before June 23, 2021, an amended brief complying with the briefing rules and including all issues that she intended to raise in her appeal. We warned that her failure to do so could result in striking the brief that was filed and dismissing the appeal or in a waiver of noncomplying points. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. Appellant has not filed an amended brief.

4

Because Appellant failed to file a compliant amended brief even after we afforded ample opportunities to do so, we strike the brief filed March 26, 2021, and we dismiss this appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), 43.2(f), 44.3.[2]

Per Curiam

Delivered: July 29, 2021

---

[2]Appellant has filed numerous documents in this court. To the extent that any of those documents remain pending and request affirmative relief, such requests for relief are denied as moot.