

# NUMBER 13-20-00472-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TERESA F. ROMERO AND
DIANA ROMERO,                                                     Appellants,

v.

ALLY FINANCIAL INC.,                                             Appellee.

## On appeal from the County Court at Law No. 10
## of Bexar County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

This cause is before the Court on its own motion.[1] On June 3, 2021, appellants

jointly appeared pro se and filed a brief that was not in compliance with the Texas Rules

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

of Appellate Procedure. On June 11, 2021, appellants filed a first amended brief. The amended brief failed generally to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4, 38.1. On June 16, 2021, appellants filed a second amended brief which was also not in compliance.

On June 30, 2021, the Clerk of the Court notified appellants that the corrected brief did not comply with Texas Rule of Appellate Procedure 9.4(c), 9.4 (d), 9.4(h), 9.4(j)(4), or 38.1(b, c, e, g, i, k). Appellants were directed for a third time to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified for the second time that if the Court received another brief that did not comply, the Court may strike the brief, prohibit appellants from filing another, and proceed as if appellants had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. TEX. R. APP. P. 38.9(a), 42.3(b),(c). Appellants have failed to cure the defects in their third amended brief, filed on July 14, 2021.

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If a party files a brief that does not comply with the Texas Rules of Appellate Procedure, and that party files an amended brief that likewise does not comply with the rules, we may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where appellants have failed to file a brief, the appellate court may dismiss the appeal for want of prosecution.

2

Accordingly, we strike appellants' non-conforming brief and order the appeal dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b)(c).

LETICIA HINOJOSA
Justice

Delivered and filed on the
26th day of August, 2021.

3