

# NUMBER 13-21-00358-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

SANDRA KAY BOYD,                                                    Appellant,

v.

STEVEN MICHAEL SPANN,                                              Appellee.

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

This matter is before the Court on appellant's amended motion for dismissal without prejudice. Appellant requests this matter be dismissed without prejudice and further references a retention of a right to seek refiling.

On March 23, 2022, this matter was abated to allow time for appellant to redraw her brief. Appellant was ordered to file a second amended brief which complies with the rules on or before April 12, 2022. Appellant failed to file a second amended brief and instead filed an amended motion for dismissal without prejudice which does not reasonably explain the failure to file a second amended brief.

Appellant's amended brief fails generally to comply with Rules 9.9, 38.1(g) and (i), and 38.9(a) and (b), as required by Texas Rules of Appellate Procedure. Furthermore, pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

If a party files a brief that does not comply with the Texas Rules of Appellate Procedure, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. Tex. R. App. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. Additionally, an appellate court may dismiss a cause on any party's motion for want of prosecution or for failing to comply with the rule or notice from the clerk required a response or action. Tex. R. App. P. 42.3(b), (c).

Accordingly, having previously struck appellant's amended non-conforming brief, we reinstate the case and order the appeal dismissed for want of prosecution. See Tex. R. App. P. 42.3(b)(c). Because this dismissal is not voluntary nor based on appellant's amended motion, the Court denies appellant's amended motion. Finally, costs will be

2

taxed against the appellant. *See* TEX. R. APP. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant.").

DORI CONTRERAS<br>
Chief Justice

Delivered and filed on the
28th day of April, 2022.