**AFFIRMED and Opinion Filed March 8, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00377-CV**

**YLDEFONSO M. AVILA, Appellant**
**V.**
**BAYLOR SCOTT AND WHITE, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-02232-E**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Goldstein

Yldefonso M. Avila appeals the trial court's judgment dismissing with prejudice his medical negligence and malpractice claims against Baylor Scott and White. Following the filing of Avila's pro se brief and his motion for an extension of time to file his brief, this Court issued an order on July 12, 2022, granting an extension of time but cautioning Avila that that his pro se brief did not comply with the rules of appellate procedure and ordered him to file an amended brief that complied with rule of appellate procedure 38.1. The notice advised Avila that his brief was deficient because it did not contain the following:

1.  a complete list of all parties to the trial court's judgment or appealed order, and the names and addresses of all trial and appellate counsel;

2.  a table of contents with references to the pages of the brief;

3.  an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited;

4.  a concise statement of the nature of the case, the course of the proceedings, and the trial court's disposition of the case, supported by record references;

5.  a concise statement of the issues presented for review;

6.  a concise, non-argumentative statement of the facts pertinent to the issues presented, supported by record references;

7.  a succinct, clear, and accurate statement of the arguments made in the body of the brief;

8.  a clear and concise argument for the contentions made, with appropriate citations to authorities and the record; and,

9.  a short conclusion that clearly states the nature of the relief sought.

*See* TEX. R. APP. P. 38.1 (a)-(d), (f)-(j). The order directed Avila to file an amended brief no later than July 22, 2022, and cautioned Avila that failure to file an amended brief could result in his appeal being dismissed without further notice. On July 22, 2022, Avila filed a document purporting to be an amended brief consisting of a twelve-page "after visit summary" dated July 20, 2022, from Methodist Dallas Medical Center Emergency Department. On February 21, 2023, this case was submitted on these filings by Avila and the brief filed by Baylor Scott and White.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex.

App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212. The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *In re N.E.B.*, 251 S.W.3d at 212. Bare assertions of error, without argument or authority, waive error. *In re N.E.B.*, 251 S.W.3d at 212; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.*, 251 S.W.3d at 212.

Avila has failed to provide us with argument, analysis, or authorities that make his appellate complaints viable. *Id.* By failing to adequately brief his complaints, Avila has waived our review of his complaints. *See id.* Accordingly, we need not further address Avila's complaints.

While we were not favored with a compliant brief, based upon the limited appellate record we are able to discern that Avila filed his original petition asserting medical negligence and malpractice claims on June 8, 2021, and Baylor Scott and White filed its original answer on September 9, 2021. As Avila's claims constitute

–3–

a health care liability claim, Avila was required to serve an expert report not later than 120 days thereafter. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If no expert report is served within 120 days, the trial court shall, upon motion of the affected physician or health care provider, enter an order awarding the physician or health care provider reasonable attorney's fees and costs of court and dismissing with prejudice the claim against the physician or health care provider. *See id.* § 74.351(b).

It is uncontroverted in the record that Avila failed to serve an expert report at any time, and Baylor Scott and White filed a motion to dismiss on January 11, 2022 asserting that Avila's failure to serve an expert report required dismissal of Avila's lawsuit. On March 25, 2022, the trial court entered an order dismissing Avila's claims with prejudice. We conclude this course of proceedings conformed to the requirements of section 74.351. *See id.*

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220377F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YLDEFONSO M. AVILA, Appellant

No. 05-22-00377-CV     V.

BAYLOR SCOTT AND WHITE,
Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-21-02232-
E.
Opinion delivered by Justice
Goldstein. Justices Carlyle and
Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BAYLOR SCOTT AND WHITE recover its costs of this appeal from appellant YLDEFONSO M. AVILA.

Judgment entered this 8th day of March 2023.