

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00308-CV

---

IN THE INTEREST OF J.S.B., A CHILD

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 63,168C, Honorable Ana Estevez, Presiding

---

April 30, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Devin Little Johnson, proceeding pro se, filed this appeal from the trial court's order in a suit modifying the parent-child relationship. We affirm the order of the trial court.

In a prior letter, this Court informed Johnson that her brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1. We identified deficiencies in the brief and ordered Johnson to file a corrected brief. Although Johnson has filed an amended brief, it too fails to conform to Rule 38.1. It does not include a statement of facts

supported by references to the appellate record or substantive argument adequately supported by citations to legal authorities.  *See* TEX. R. APP. P. 38.1.

While we construe liberally pro se pleadings and briefs, we nonetheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.  *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).  To present an issue to an appellate court, a party's brief must, among other things, present a clear and concise argument for the contentions made with appropriate citations to authorities and the record.  TEX. R. APP. P. 38.1(i).  Failure to cite legal authority or provide substantive analysis of the legal issue presented constitutes a waiver of that issue on appeal.  *Handy v. 1100 Reinli St. LLC*, No. 07-23-00025-CV, 2023 Tex. App. LEXIS 5629, at *4 (Tex. App.—Amarillo July 31, 2023, pet. denied) (mem. op.).

Johnson's brief does not identify any legal issues presented; rather, the five "issues presented" consist of copies of two court orders, a copy of Johnson's apartment lease, a pay stub, and J.S.B.'s birth certificate.  The argument portion of her brief can be summarized as Johnson's declaration that she is capable of caring for J.S.B.  Her argument does not provide citation to appropriate authorities or the record, nor does it assert any error by the trial court.  We conclude that Johnson has failed to adequately brief her complaints and therefore presents nothing for our review.  Her issues on appeal are waived.  *See id.*

We note that in her prayer, Johnson alleges that she "wasn't notified of the court hearing of modification on March 2, 2023."  However, March 2, 2023, was the date that J.S.B.'s paternal grandmother filed a petition to modify the parent-child relationship.  The

record contains a copy of the officer's return indicating personal service of the citation and petition on Johnson on June 15, 2023.  The trial court's final order was signed on August 2, 2023.

Accordingly, we affirm the judgment of the trial court.


Judy C. Parker
Justice