

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-25-00184-CV
_____

IN THE INTEREST OF K.L., B.L, A.L., AND C.L., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 71833-L1, Honorable James Anderson, Presiding

September 26, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Having had her parental rights terminated in 2018 and her first petition to reinstate same dismissed in 2020, Audrey again filed a pro se petition for their reinstatement in March 2025. By then, others had adopted Audrey's biological children, KL, BL, AL, and CL. The latter fact resulted in the dismissal of her 2025 effort at reinstatement and this appeal. Through six issues, Audrey, acting pro se, again attacks the 2018 order terminating her parental rights. So too does she question the legality of the aforementioned adoption. We affirm for the following reasons.

First, Audrey's initial appellant's brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38. The court afforded her opportunity to correct the

deficiencies.  Her ensuing brief also fails to comply with those rules.  For instance, her extended description of the purported facts and proceedings lack citation to the record, as do her references to the facts underlying her issues.  Authority requires her to comply with the rules of appellate procedure, despite her status as a pro se litigant.  *Shockley v. Yalk*, No. 07-22-00128-CV, 2023 Tex. App. LEXIS 938, at *2-3 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op.).  And, one such rule obligates her to cite to the record.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *see* TEX. R. APP. P. 38.1(i) (stating, "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").  The latter duty is important since we have no sua sponte obligation to parse through the document in search of content supporting her contentions. *Shockley*, 2023 Tex. App. LEXIS 938, at *2-3.  So, given the failure of her second brief to comply with the rules of appellate procedure and her having had opportunity to submit a compliant brief, she waived her issues.  *San Miguel v. McLane*, No. 07-21-00058-CV, 2022 Tex. App. LEXIS 5183, at *4-5 (Tex. App.—Amarillo July 26, 2022, pet. denied) (mem. op.) (holding that the failure to brief, or to adequately brief, an issue results in the waiver of that issue).

Second, even if we were to assume her brief complied with applicable rules of procedure, we deem her issues meritless.  As we explained when affirming the dismissal of her previous belated petition to reinstate, the window to contest the 2018 termination order closed sixth months after that order was signed.  *See in re K.L., B.L., A.L., and C.L.*, No. 07-20-00198-CV, 2020 Tex. App. LEXIS 9464, at *1-3 (Tex. App.—Amarillo Dec. 3, 2020, no pet.) (mem. op.); *see also* TEX. FAM. CODE § 161.211(a) (stating that the validity of an order terminating the parental rights of a person who has been personally served is

2

not subject to collateral or direct attack after the sixth month after the date the order was signed). Her latest effort to nullify the order of termination having been filed long after that six-month period expired, it too is untimely.

Furthermore, third parties adopted the biological children of Audrey after 2018. Such adoption also precludes reinstatement of her parental rights. *See* TEX. FAM. CODE § 161.302(b)(3) (stating that a petition for reinstatement may be filed only if, among other things, the child has not been adopted). And, to the extent she utilizes this appeal as a means to contest the adoption, she lost standing to do so upon the termination of her parental rights. *See In re C.C.*, No. 02-23-00128-CV, 2023 Tex. App. LEXIS 7220, at *6 n.3 (Tex. App.—Fort Worth Sept. 14, 2023, no pet.) (mem. op.) (stating that a parent loses standing to contest an adoption upon termination of parent's parental rights); *Ramirez v. Dep't Fam. & Protective Serv.*, 667 S.W.3d 340, 348-49 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (same).

In sum, the issues before us clearly lack merit for multiple reasons. Due to that circumstance, we 1) invoke Rule 2 of the Texas Rules of Appellate Procedure, 2) expedite disposition of the appeal to avoid waste of judicial and governmental resources, 3) suspend Texas Rule of Appellate Procedure 38.2 concerning the submission of an appellee's brief, 4) immediately submit the cause for disposition, 5) overrule all issues, and 6) affirm the trial court's order of dismissal.

Brian Quinn
Chief Justice

3